STATE ex rel. BACA et al. v. BOARD OF COM'RS OF GUADALUPE COUNTY, et. al, (JONES & GLEASON, Interveners).

1. In this jurisdiction, by reason of section 4185, Code 1915, there are no terms of court except for jury trials, and a judgment which disposes of all, or one or more, of the separate

State ex rel. Baca et al. v. Board of Comrs., 22 N. M. 502.

and independent causes of action in the case, becomes a final judgment upon its rendition and entry, in the sense that the same passes from the further control of the court, and except a default judgment (section 4227, Code 1915), and an irregularly entered judgment (section 4230, Code 1915,) and except for such purposes as all courts always retain control over their judgments.                                                 P. 505

2. It is a fundamental rule of appellate practice and procedure that an appellate court will consider only such questions as were raised in the court below.                      P. 506

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by the State of New Mexico, on the relation of Placido Baca y Baca, for himself and others similarly situated, against the Board of County Commissioners of the County of Guadalupe and others, in which Jones & Gleason, a partnership, intervened. Injunction dissolved, and relators appeal. Affirmed.

See, also, 21 N. M. 713, 158 Pac. 642.

F. Faircloth, of Santa Rosa, for appellants. C. W. G. Ward and Chester Hunker, both of Las Vegas, for appellees.

STATEMENT OF FACTS.

On the 10th day of August, 1914, an election was held in the town of Santa Rosa under the local option statutes, to determine whether or not the sale of intoxicating liquors should be prohibited within the prescribed district. At the election 130 votes were cast in all; the election officers certifying to 47 votes in favor of prohibition and 83 votes against prohibition. This action was thereafter instituted in the district court to enjoin the county clerk, county treasurer, board of county commissioners, and the county sheriff of Guadalupe county from issuing

licenses for the sale of intoxicating liquors within the said town, upon the ground that, by reason of certain illegal votes having been cast at said election, the true result had not been declared or ascertained by the election judges, and that the actual result of said election was in favor of prohibition. The court was asked to purge the election returns of the alleged illegal votes and declare the true result of such election. All the defendants defaulted, with the exception of the county clerk, who appeared and answered, denying the allegations of the complaint. Jones & Gleason, copartners, operating the only saloon in the town, were allowed to intervene in the suit.

The allegation of the complaint upon which the alleged fraud in the election in question is based is as follows:

"That approximately sixty-five (65) persons, among them being the following named persons, to-wit," omitting names, "and certain other persons whose names are at this time unknown to plaintiff, offered to and did vote against prohibition at the said election, all of whom were illegal voters, in that, as inducement therefor, they directly or indirectly received, agreed or contracted to receive, or accept gifts, valuable consideration, or some office, place, or employment, and that certain of said persons were also intimidated and in other and divers ways unduly influenced into voting against prohibition, and that said illegal and fradulent votes to the number of approximately sixty-five (65) as aforesaid, were among and constituted a part of the said eighty-three (83) votes declared by the said board of county commissioners of the county of Guadalupe to have been cast against prohibition at said election, and that, had it not been for said illegal and fraudulent votes, the returns would have shown that a majority of the votes cast were for prohibition."

The trial court, after hearing the evidence presented, made certain findings, incorporated in a final decree, to the effect that certain votes against prohibition had been cast in violation of the Corrupt Practice Act, but that the majority of the legal votes had been cast against prohibition. As a result of this conclusion he dissolved the injunction.

This case was first presented for consideration in this court upon a motion to strike out the bill of exceptions on a number of grounds, and in an opinion handed down

June 12, 1916, and reported in 21 N. M. 713, 158 Pac. 642, this court struck the bill of exceptions.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above). [1] The one assignment of error presented for our consideration attacks the findings and conclusions of law as the same appear in the final judgment or decree, and at the threshold of our consideration of the case our attention is directed to the fact that the judgment or decree was entered on November 4, 1915, and the findings of fact and conclusions of law upon which the said judgment or decree was based were incorporated therein. No formal objections or exceptions to either the findings of fact or conclusions of law appear of record, except certain exceptions taken by each party to the findings and conclusions which were filed in the clerk's office on November 19, 1915, or at a time subsequent to the entry of the final judgment. It is here contended by appellee that the judgment of November 4, 1915, became final when entered, and that the court was without further jurisdiction, except to grant an appeal or to set aside the judgment for irregularity within one year. We do not understand that appellant questions the fact that the judgment or decree was final, and it is evident that appellant could not so contend, because at a former hearing of this cause, upon a motion to dismiss the appeal, appellant took the position that the judgment of November 4th was a final one, which contention was sustained by this court. In the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. this court, passing upon the question of final judgments, held:

"In this jurisdiction, by reason of section 4185, Code 1915, there are no terms of court except for jury trials, and a judgment which disposes of all, or one or more, of the separate and independent causes of action in the case, becomes a final judgment upon its rendition and entry, in the sense that the same passes from the further control of the court, and except a default judgment (section 4227, Code 1915), and an irregularly entered judgment (section 4230, Code 1915,)

and except for such purposes as all courts always retain control over their judgments."

Therefore, the judgment in question being a final one in its character, the error which the appellants now insist upon necessarily relates to matters which were not considered by the court, and which the court was not given an opportunity to correct.

[2] "It is a fundamental rule of appellate practice and procedure that an appellate court will consider only such questions as were raised in the court below." It is therefore clearly apparent that the exceptions of November 19th were interposed at a time after the judgment of November 4th had become final, and after the jurisdiction of the court to change the same had passed, except as to irregularities under statutory authority. In arriving at this conclusion we are not unmindful of the fact that appellate contends that, this being a case tried before the court without the intervention of a jury, no exceptions were necessary. In this counsel rely upon the provisions of section 4214, of the Code of 1915, which section has been construed by the territorial Supreme Court in the case of Neher v. Armijo, 11 N. M. 67, 66 Pac. 517, and in that case it was pointed out that the section in question, while dispensing with the necessity for a formal exception does not dispense with the necessity of an objection in order to preserve the error complained of. See, also, Cunningham v. Springer, 13 N. M. 259, 82 Pac. 232.

For the reasons stated, we are of the opinion that the judgment of the district court must be affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.