Blacklock v. Fox, 25 N. M. 391.

---

[No. 2251, Aug. 19, 1919.]
## BLACKLOCK v. FOX.

### SYLLABUS BY THE COURT.

1. The Supreme Court on appeal will not determine whether or not there is evidence sufficient to support a ma-

terial finding of the court or its judgment, unless such question is submitted to, and has been decided by, the trial court, by some proper proceeding calling for such decision of the question.                                                     P. 393

2.   The provision that "no exception shall be required to be reserved in the trial of equity cases or cases before the court in which a jury has been waived," contained in section 37 of chapter 43, Session Laws of 1917, dispenses with formal exceptions to rulings of the court in the progress of the trial, but does not authorize the determination by the Supreme Court of an issue not raised and passed upon in the district court.                                                           P. 394

3.   The question of whether there is material evidence to support a finding may be raised in any appropriate manner, such, for example, as by a demurrer to the evidence, or by a motion for nonsuit or dismissal, or by an objection interposed to the objectionable finding on the ground that there is no substantial evidence to support it or by an exception to the finding on such ground. The essential thing is that the attention of the trial court should be called to the fact that it is committing error in making the finding, pointing out wherein the finding is erroneous.                              P. 394

Error to District Court, San Juan County; Holloman, Judge.

Action by C. W. Fox against Foster Blacklock. Judgment for plaintiff, and defendant brings error. Affirmed.

E. R. WRIGHT, of Santa Fe, for plaintiff in error.

FRANK A. BURDICK, of Farmington, for defendant in error.

OPINION OF THE COURT.

BRICE, District Judge.   The plaintiff in error states in his brief:

"The contention of the plaintiff in error resolves itself into the following:

"(1) There is no competent evidence to support the court's finding that the plaintiff in error, Blacklock, was ever a copartner.

"(2) If the defendant and plaintiff in error, Blacklock, ever was a copartner, he did not become a member of the copartnership until December, 1912.

"(3) Not becoming a partner until December, there was an

entire failure of evidence to show that the plaintiff in error, Blacklock, ever assumed or agreed to pay any part of the indebtedness of the copartnership prior to December, 1912."

[1]  It does not appear from the record that any objection was made to the findings of the court in the particulars stated, nor to the judgment of the court entered in this case.  It has been held by this court that:

"At the time of the passing of the decree of divorce, the sole objection thereto on the part of the defendant was the alleged want of sufficient notice, and that the same was partial and incomplete, purporting to dispose of only one of the issues in the case.  No objection to the decree, as such, was interposed, no exception to the findings or conclusions was suggested, nor were other findings or conclusions proposed. The general exception appearing in the decree as follows: 'To which decree, judgment, and orders defendant then and there duly excepts, conveys, under the circumstances in which it was made, no intimation that the decree was erroneous, or, if so, upon what ground."  Fullen v. Fullen, 21 N. M. 224, 153 Pac. 297:

In the case of Baca. v. Board of Commissioners, 22 N. M. 502, 165 Pac. 213, this court said:

" 'It is a fundamental rule of appellate practice and procedure that an appellate court will consider only such questions as were raised in the court below.'  It is therefore clearly apparent that the exceptions of November 19th were interposed at a time after the judgment of November 4th had become final, and after the jurisdiction of the court to change the same had passed, except as to irregularities under statutory authority.  In arriving at this conclusion we are not unmindful of the fact that appellant contends that, this being a case tried before the court without the intervention of a jury, no exceptions were necessary.  In this counsel rely upon the provisions of section 4214 of the Code of 1915, which section has been construed by the territorial Supreme Court in the case of Neher v. Armijo, 11 N. M. 67, 66 Pac. 517, and in that case it was pointed out that the section in question, while dispensing with the necessity for a formal exception, does not dispense with the necessity of an objection in order to preserve the error complained of.  See, also, Cunningham v. Springer, 13 N. M. 259, 32 Pac. 232."

The general rule is stated in 3 C. J. 836, as follows:

"The general rule is that a question of a sufficiency of evidence to authorize submission of the case or the defense to the jury, or to support the verdict, findings, or judgment, must be raised by proper objection in the trial court, and will not be considered if raised for the first time on appeal; and in many jurisdictions, although not in all, it is held that the

question of law whether there is any evidence tending to support the verdict, findings, or judgment cannot be raised for the first time on appeal."

[**2**]    The question as to whether there is sufficient evidence to support a material finding may be raised in any appropriate manner, such, for example, as by a demurrer to the evidence, or by a motion for a nonsuit or dismissal, or by an objection interposed to the objectionable finding on the ground that there is no evidence to support it, or by an exception to the finding on such ground.   The essential thing is that the attention of the trial court should be called to the fact that it is committing error in making the finding, pointing out wherein the finding is erroneous.

[**3**]    We are not unmindful of the fact that section 37 of chapter 43, Session Laws of 1917, provides that:

"No exception shall be required to be reserved in the trial of equity cases or cases before the court in which a jury has been waived."

This is but a re-enactment of section 4214, Code 1915, which has been often construed by this court.   This provision only dispenses with the formal exception to a ruling of the court, and does not authorize the determination by the Supreme Court of an issue not raised and passed upon in the district court.

In this case no objection was made to the findings or judgment of the court, nor were any proceedings taken to secure a ruling of the district court as to the sufficiency of the evidence to support the findings or judgment.   It follows that no question is presented to this court of which it can take cognizance, and the judgment must be affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.