(No. 2317.   March 20, 1920.)

## SAIS v. CITY ELECTRIC CO.

### SYLLABUS BY THE COURT.

1.   In actions for personal injuries alleged to have resulted from defendant's negligence, the defendant may prove, under his general denial, that the wrong was caused by the negligence of third persons.   **Held,** that therefore an answer denying the negligence and setting up the negligence of third parties as the proximate cause of the injury was argumentative and not new matter, and consequently no reply thereto was necessary.   **Held,** further, that rendition of judgment on the pleadings was erroneous in that issue was joined by the general denial.                                                                P. 67

2.   The court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require a reversal.   P. 68

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by Maria C. Sais by Victor Sais, her next friend, against the City Electric Company.   Motion by plaintiff to set aside a certificate by default filed by defendant denied, and defendant's motion for judgment on the pleadings granted and the cause dismissed, and plaintiff appeals.   Reversed, with instructions to set aside the judgment of dismissal.

GEORGE S. KLOCK, of Albuquerque, for appellant.

LAWRENCE F. LEE, of Albuquerque, for appellee.

### OPINION OF THE COURT.

PARKER, C. J.   Because of the failure of appellee to file its brief on the merits within the time required by rule of court, advantage of its default in that respect having been taken by appellant, this cause is before us on the brief of the appellant only.

The action was instituted in the district court of Bernalillo county by Maria C. Sais, an infant four years

of age, by Victor Sais, her father and next friend. The action was in tort for damages alleged to have been suffered by appellant on account of injuries received by her when a street car of the appellee company collided with the automobile in which appellant was riding.

The complaint set forth the facts of the alleged mishap and specified four grounds of negligence on the part of the appellee. The appellee filed a general denial and by way of so-called new matter alleged facts tending to show, in substance, that the injuries inflicted upon the appellant were caused by her father, her next friend in this action, in operating the said automobile in a negligent, careless, and unsafe manner.

The appellant failed to plead by way of reply, or otherwise, to the so-called new matter in the answer, and a certificate of default was filed by the appellee. The appellant moved to set aside the certificate of default and tendered a reply, but the court denied the motion and granted appellee's motion for judgment on the pleadings and dismissed the cause. From that judgment this appeal is prosecuted.

The appellant argues that the certificate of default was irregularly entered in the case, because the court must protect the interests of infants, and upon its attention being called to the omission of duty on the part of one of its officers, viz., the next friend, it must rectify the omission, which in this case would be done by entering a denial of the new matter for the appellant. Her counsel also argues that an infant cannot be bound by admissions of her guardian or next friend, and that, if the action of the trial court in the premises was at all discretionary, the trial court abused its discretion.

[1] The trial court was in error in rendering judgment on the pleadings for the appellee. As we have stated, the complaint alleged a breach of duty on the part of the appellee. The answer denied the breach, but

went further and alleged that the negligent act was not its act, but that of the appellant's father. This constituted merely an argumentative denial. In Pomeroy's Code Remedies (4th Ed.) § 551, the author says:

"In actions for injuries to person or property alleged to have resulted from the defendant's negligence, he may prove under a general denial that the wrong was caused by the negligence of third persons, not agents of the defendant, and for whom he was not responsible."

In 29 Cyc. 985, it is said:

"The general issue or general denial puts in issue all of the facts constituting negligence and hence the defendant may show the absence of negligence on his part, what care he exercised, that the injury was caused by the negligence of one for whom he was not responsible * * *."

Numerous cases support the text. As the appellee denied the allegations of negligence contained in the complaint, it added nothing to its answer by alleging that the negligent act was that of the father of the appellant, and such allegation, in the form of new matter, constitutes an argumentative denial. Walters v. Battenfield, 21 N. M. 413, 414, 155 Pac. 721; Seinsheimer & Co. v. Jacobson, 24 N. M. 84, 86, 172 Pac. 1042. The issue of negligence in this case was framed by the complaint tendering the fact that appellee was negligent and its denial in its answer that it was not negligent. Consequently, the trial court was without any right to render a judgment upon the theory that there was a confession of negligence, by failure to file a reply.. No reply was required, as no new matter was pleaded.

[2] The propositions of law which we have discussed in this opinion, and which work a reversal of this case, were not only not assigned and argued in this court, but were not even raised in the trial court. A general rule has been announced by this court to the effect that propositions of law not raised in the trial court cannot be considered here, and the reasons underlying such rule were fully discussed in the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. Three specific exceptions to

that rule have also been announced in this court, viz.:
(1) That jurisdictional questions may be raised for the
first time here.   United States v. Cook, 15 N. M. 124,
103 Pac. 305; State v. Graves, 21 N. M. 556, 157 Pac.
160.   State ex rel. Baca v. County Commissioners, 22
N. M. 502, 165 Pac. 213; Hopkins v. Norton, 23 N. M.
189, 167 Pac. 425; James v. County Commissioners, 24
N. M. 512, 174 Pac. 1001.   (2) That questions of a gen-
eral public nature affecting the interest of the state at
large may be determined by the court without having
been raised in the trial court.   First National Bank v.
McBride, 20 N. M. 381, 149 Pac. 353.   And (3) that
the court will determine propositions not raised in the
trial court where it is necessary to do so in order to pro-
tect the fundamental rights of the party.   State v.
Garcia, 19 N. M. 414, 421, 143 Pac. 1012.

In the recent case of De Baca v. Perea, 25 N. M. 442,
184 Pac. 482, the "answer, counterclaim, and cross-com-
plaint" filed by the defendant wholly failed to state a
cause of action or a defense to the matters stated in the
complaint.   No demurrer or answer to the counterclaim
was filed within the time limited by the statute, and,
advantage being taken thereof, judgment was rendered
in favor of the defendant.   No exception was taken to
the judgment, and the appellee for that reason refused
to enter into a discussion of the merits of the proposi-
tions of law urged by the appellant.   After making ref-
erence to the general rule that the court will not examine
a record unless exceptions have been taken and the error
complained of is called to the attention of the trial court,
we said:

"There is a well-recognized exception to this rule, to the
effect that the court will notice, without exception or presenta-
tion, jurisdictional and other matters which may render a
case inherently and fatally defective and require a reversal.
This exception was stated in the cases above referred to,
and also in the case of Good v. Loan Co., 16 N. M. 461, 117
Pac. 856, and in 3 C. J. p. 894, the general rule is stated, and
on page 905 of the same work will be found an exception,
which is that the question whether the pleadings support and
warrant the judgment is one which arises on the record
proper, and may be tested by writ of error or appeal from the
judgment without any exception."

In that case the court held that the judgment was inherently defective, because the pleading upon which it was based failed to state a cause of action, and the judgment of the trial court was reversed, notwithstanding that the appellant was not in a position to urge the proposition upon which the reversal was predicated.

The judgment in the case at bar is inherently defective because it was rendered upon pleadings from which a false supposition arose, viz., the admission of facts to support the judgment, whereas a judgment upon such pleading was not authorized by law.

The judgment of the trial court will therefore be reversed, with instructions to set aside the judgment of dismissal; and it is so ordered.

: ROBERTS, J., concurs.

RAYNOLDS, J., having heard the case below, did not participate.