[No. 2982.    Sept. 15, 1926.]

GRANT et al. v. BOOKER.

[249 Pac. 1013.]

### SYLLABUS BY THE COURT

1.  Nonresidence of plaintiff not ground for quashing writ of attachment.

2.  Action on motion to vacate judgment, under Code 1915, § 4227, is discretionary, and reviewable only for abuse.

3.  Showing on motion to vacate judgment, under Code 1915, § 4227, held insufficient to warrant reversal for abuse of discretion in overruling motion.

4.  Invoking trial court's discretion to vacate judgment, under Code 1915, § 4227, is a general appearance, and waives objections to jurisdiction over the person.

5.  Questions not decided in trial court not available on review.

Error to District Court, San Juan County; Holloman, Judge.

Action by J. C. Booker against A. V. Grant and another.  Judgment for plaintiff, and defendants bring error.  Affirmed and remanded.

E. S. Whitehead, of Aztec, for plaintiffs in error.

Geo. F. Bruington, of Aztec, and A. M. Edwards, of Santa Fe, for defendant in error.

### OPINION OF THE COURT

WATSON, J.  In an attachment suit, defendants' motion to quash the writ and dismiss the proceeding having been overruled, and they having failed to plead within the time limited in the order, judgment was rendered for the plaintiff.  After the overruling of a motion to vacate the judgment, writ of error was sued out.

[1]  One of the grounds of the motion to quash,

---

[1] 6CJ p. 39 n. 80.    [2, 3] 4CJ p. 839 n. 26, 27; p. 840 n. 38;  34CJ p. 365 n. 67; p. 429 n. 83.    [4] 4CJ p. 1342 n. 40, 41, 45.    [5] 3CJ p. 689 n. 41.

and one of the contentions here, is that, since the plaintiff is a citizen of Colorado, the remedy by attachment is not available to him. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is cited, but does not seem to be in point. At 6 C. J. 39, it is said that "it is generally immaterial that the attaching creditor is a nonresident." Our attention has not been called to any statutory provision or principle of law warranting us in saying that the courts of this state are not open to nonresidents who may have occasion to invoke the remedy of attachment.

[2, 3] The ground of error most seriously urged is the overruling of the motion to vacate the judgment. Rendered out of term time, upon default, it was within the power of the district court to set it aside upon good cause shown. Code 1915, § 4227. Such power was discretionary. Lasswell v. Kitt, 11 N. M. 459, 70 P. 561. The only question on review is whether the refusal was an abuse of discretion. The only showing made in support of the motion was that a copy of the order overruling the motion to quash, and requiring defendants to plead within ten days, mailed to one of the defendants, did not reach him until after the ten days had expired, and after the judgment had been rendered by default. The record before us shows no other material fact. Nor does it show for what reason the trial judge denied the motion. It is not shown that the affiant did not have notice or knowledge of the overruling of his motion and his limited time for pleading. It is not shown that his co-defendant did not have such knowledge or notice or that he did not have even a copy of the order. There is no affidavit of merits, no tender of pleading, and no assertion of intention to plead. Without deciding what showing would be sufficient to warrant a conclusion that the trial court's discretion had been abused, we are satisfied that, in this case, it is too meager.

[4] There having been no personal service on the defendants, it is urged as error that the court rendered personal judgment for the debt. Again Pennoyer v.

Neff, supra, is cited. Defendant in error does not question the principle relied upon, but contends that plaintiffs in error, by moving, on the ground stated above, to vacate the judgment, and asking further time to plead, appeared generally, and thus waived all question as to jurisdiction over their persons. We must sustain the contention of defendant in error upon the authority of Fowler v. Casualty Co., 17 N. M. 188, 124 P. 479, and Crowell v. Knopp, 26 N. M. 146, 189 P. 652.

[5] Other errors are assigned, but cannot be considered, as they relate to questions not called to the attention of, nor decided in, the trial court. Laws 1917, c. 43, § 37; Garcia v. Silva, 26 N. M. 421, 193 P. 498.

Finding no available error, we affirm the judgment and remand the cause, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.