181 P.2d 808

**STATE v. NUTTALL.**

No. 5016.

Supreme Court of New Mexico.

June 11, 1947.

Lee R. York, of Hobbs, for appellant.

C. C. McCulloh, Atty. Gen., and Wm. R. Federici, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

Appellant W. A. Nuttall was convicted by a jury of Lea County of the crime of directing, taking and transporting two women, (naming them) to the Harden Hotel in Hobbs for prostitution.

The applicable statute is Section 41-3401, N.M.S.A., 1941 Comp., reading as follows:

"From and after the passage of this act, it shall be unlawful: * * *

"(d) To direct, take or transport, or offer or agree to take or transport, any person to any place, structure, or building, or to any other person with knowledge or reasonable cause to know that the purpose of such directing, taking, or transporting is prostitution, lewdness, or assignation."

The questions are (1) whether the judgment of the trial court is supported by substantial evidence; and (2) if not so supported, whether the question can be raised for the first time in this court?

The evidence shows the women involved came to Hobbs, New Mexico on August 7, 1946, and registered at the Keller Hotel. The next day they contacted appellant, à taxi driver with whom they were acquainted, at a cab station in Hobbs, known as

Cab Station No. 2. They advised him at the time that they had no funds, and they intended to engage in prostitution.

They sought his opinion whether it would be safe for them to engage in prostitution in Hobbs. Appellant advised them to remain away from hotels as the officers were on the alert and it would be unsafe. He suggested to them to find a place elsewhere in the city and when they or he could find dates, he would arrange for their transportation to and from the place of their engagement. Following appellant's suggestions, the women left the Keller Hotel and went to the Jackson Apartments. The following day, August 8th, appellant contacted the women at the Jackson Apartments and rode around the city with them in his taxi. Late in the evening of that day, appellant went to the Ramona Night Club, informed the women he had dates for them at the Harden Hotel, and transported them from the Ramona Night Club to the Harden Hotel in his taxi. They filled their dates, receiving $10 each for their acts of sexual intercourse, this amount being theretofore suggested by appellant as the usual charge for such practices in Hobbs, after which they were transported in appellant's taxi by him to their home at the Jackson Apartments. On the 7th or 8th of August, 1946, appellant stated to Chester Smith, a porter of the Harden Hotel, if he needed any girls for prostitution, to call him at the cab station. On the 8th of August, 1946, appellant stated to Gus Williams, also a porter at the Harden Hotel, that if he should have a call for a girl, to call him and he would furnish the girl.

Appellant, testifying in his own behalf, admitted meeting the women involved under the circumstances substantially as related by them, but denied transporting them for prostitution. He denied knowing the witnesses Smith and Williams. He admitted knowing the women were without funds and he agreed to transport them to and from their place of employment in a restaurant until they could acquire sufficient funds with which to pay him.

Admittedly, no objections were made to the evidence, and no exceptions were taken to the actions of the trial court. It is admitted by appellant that the question of sufficiency of the evidence to support the verdict was not raised in the court below.

The method of preserving questions for review is governed by the following provisions:

Section 19-101, (46) N.M.S.A., 1941 Comp., reading as follows:

"Formal exceptions to rulings or orders of the court are unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought makes known to the court the action which he desires the court to take or his objection to

the action of the court and his grounds therefor; and if a party has no opportunity to object to a ruling or order at the time it is made the absence of an objection does not thereafter prejudice him."

Section 19-201, (20), being rule 20 of this court, reading as follows:

"1. None but jurisdictional questions shall be first raised in the Supreme Court.

"2. Formal exceptions shall not be required in any case, but *to preserve the question for review it must appear that a ruling or decision by the trial court was fairly invoked*. (Emphasis ours.)

"3. It shall not be necessary to file a motion for a new trial in any cause in order to preserve for review errors committed by the trial court."

■ It is a general rule that the question of sufficiency of evidence to authorize submission of the case to the jury, or to support the verdict, must be raised by proper objections in the trial court, and will not be considered if raised for the first time on appeal. 3 C.J. 836. See also 4 C.J.S., Appeal and Error, § 298. Baca, State ex rel., v. Board of County Commissioners, 22 N.M. 502, 165 P. 213; Irick v. Elkins, 38 N.M. 113, 28 P.2d 657. Blacklock v. Fox, 25 N.M. 391, 183 P. 402; Grant v. Booker, 31 N.M. 639, 249 P. 1013; State v. Board of Trustees, 32 N.M. 182, 253 P. 22; State v. Layton, 32 N.M. 188, 252 P. 997; State v. Knowles, 32 N.M. 189, 252 P. 987; State v. McKenzie, 47 N.M. 449, 144 P.2d 161.

Appellant having failed to raise the question of sufficiency of the evidence in the trial court, invoke a ruling thereon and preserve the question for review, cannot present the question on appeal for the first time.

Notwithstanding what has been said, fundamental error is an exception to the above rule. Under conditions invoking its application, the exception is as well recognized as the rule itself. It finds support in law only when it manifestly appears of record that injustice has been done. By assigning fundamental error, appellant seeks to bring the question of sufficiency of the evidence to support the verdict before this court on appeal for the first time.

In support of his claim of fundamental error, appellant urges that the conflict in the testimony of the women involved who were witnesses for the state, and his general denial of guilt, are sufficient for a reversal. Upon this ground, appellant urges fundamental error.

Fundamental error was invoked in the case State v. Garcia, 19 N.M. 414, 143 P. 1012, 1014. Garcia was convicted of a felony. The evidence not only failed to show the commission of a crime, but on the other hand shows conclusively that the crime charged could not have been committed by

him. Garcia failed to take and preserve proper exceptions in the trial court. Nevertheless this court in invoking the doctrine of fundamental error said:

"There exists in every court, however, an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done.

"The restrictions of the statute apply to the parties, not to this court. *This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims; nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here.* But in this case justice has not been done. A man has been convicted and sentenced to imprisonment for a term of years where there is, not only no evidence to support the verdict, but where the evidence conclusively establishes his innocence." (Emphasis ours.)

In the case of State v. Armijo, 35 N.M. 533, 2 P.2d 1075, 1080, the defendant was tried and convicted on the testimony of a single witness, whose evidence was so incredible that we invoked the doctrine of fundamental error, and said:

"The inherent improbability of Gentry's story we think turns the scales against its substantiality; its sufficiency to support the verdict. If it were consistent and had the ring or any stamp of truth, established principles of review might perhaps compel us to accept it, though it comes from the lips of a witness interested as someone's accomplice; interested in the result to himself and to others; actuated by fear of vengeance; a confessed perjurer; uncorroborated by word or circumstance. It taxes the detached judicial attitude to accept any testimony from such a source. *But when the evidence itself is incredible, and in parts plainly fabricated, and, as a whole, convinces the mind that the truth is still suppressed, the point is reached, as it seems to us, where an appellate court should intervene. The verdict rests upon evidence which fails to meet any test of truth.* We consider it unsubstantial. *In thus holding we do not deviate from anything said in the original opinion or depart from any principle established by former decisions of this court."* (Emphasis ours.)

We refused to invoke this rule in State v. Hunter, 37 N.M. 382, 24 P.2d 251.

Hunter was convicted of unlawfully giving intoxicating liquor to a minor, a 20 year old girl; upon her testimony the conviction was obtained. Her testimony was contradicted by the defendant and other witnesses. The question of sufficiency of the testimony of the prosecuting witness to serve as a basis for the jury's verdict was raised for the first time upon motion for a new trial. We held that appellant could not demand as a matter of right a review of the question and stated:

"This court has, in some instances, in the exercise of its inherent power to prevent injustice, set aside verdicts of guilt not warranted by the evidence, in spite of a failure on the part of the defendant to take proper steps in the trial court to entitle him to a consideration in this court of the question of the sufficiency of the evidence. See State v. Garcia, 19 N.M. 414, 143 P. 1012; State v. Armijo, 25 N.M. 666, 187 P. 553; State v. Taylor, 32 N.M. 163, 252 P. 984; State v. Berry, 36 N.M. 318, 14 P. 2d 434. *We are not convinced, however, that the circumstances of the case at bar are such as to warrant interference by this court with the conclusion reached by the jury.*" (Emphasis ours.)

The rule was before us again for consideration in State v. Garcia, 46 N.M. 302, 128 P.2d 459, 462. Garcia was convicted of first degree murder from which he appealed. No objections were made to the instructions of the trial court and after the verdict of the jury was returned the defendant appealed, alleging fundamental error. In refusing to invoke the doctrine of fundamental error, we said:

"We have examined the case before us to see if fundamental error was committed under the theory enunciated by this court in the cases of State v. Garcia, 19 N.M. 414, 420, 143 P. 1012; Gonzales v. Rivera, 37 N.M. 562, 25 P.2d 802, and possibly others."

"Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law. Also, there may be such a case, as the Garcia case, supra, which would so shock the conscience of the court as to call for a reversal. When such a case is presented the court on its own motion would cut through all rules of appellate practice and procedure to insure justice.

"*In the instant case the evidence supports the verdict. The appellant had a trial before a jury of his peers and before an able, capable and conscientious Judge. He was ably represented by counsel. There is no fundamental error.*" (Emphasis ours.)

So read certain of the decisions of this court where a claim of fundamental error had been invoked before us. We find nothing in the record of this case to warrant its application here. The testimony of the state's witnesses obviously implicated the appellant in the crime charged and furnished substantial support for the verdict of the jury. It was its function to judge the credibility of the witnesses and the weight to be given their testimony. The accused received a fair trial and the judgment pronounced upon him should be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., having tried the case below, did not participate.