242 P.2d 492

**DURAN v. MONTOYA.**

**No. 5439.**

Supreme Court of New Mexico.

March 15, 1952.

Seth & Montgomery, Santa Fe, for appellant.

Manuel A. Sanchez, Santa Fe, Jose E. Armijo, Las Vegas, for appellee.

McGHEE, Justice.

This case involves conflicting claims to a little more than one acre of land, each party claiming under a deed from a common grantor, and the appellee (defendant and cross complainant below) also claiming under a quitclaim deed from another. In addition each claimed title by adverse possession.

Three hearings were held in the case and an independent survey was made by a licensed surveyor selected by the trial court. The attorneys now representing the appellant (plaintiff below) did not appear in the lower court, but each party was there, represented by able attorneys, experienced in making a record so their case could be adequately presented here on appeal. They were evidently satisfied the findings of fact to be made by the trial court on a record so conflicting would settle the case, as neither made requested findings of fact or conclusions of law. After the findings and conclusions were made the attorney for the losing party was evidently satisfied they could not be upset as he did not file exceptions to them.

The trial court made detailed findings of fact and conclusions of law favorable to the appellee and then entered judgment quieting his fee simple title to the land in question. This appeal followed.

The appellant here challenges the sufficiency of the evidence to sustain the findings against him and says he is entitled to question such findings here under Rule 52(c) even in the absence of requested findings or exceptions. The rule reads: "Upon motion of a party made not later than ten days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."

It is true that some federal courts have construed the last sentence of the rule in accordance with the contention of appellant, as, for instance, Monaghan v. Hill, 9 Cir., 140 F.2d 31; but in Fleming v. Van Der Loo, D.C.Cir., 160 F.2d 906, the Court of Appeals of the District of Columbia held the rule should be construed in connection with Rule 46, 28 U.S.C.A., Federal Rules of Civil Procedure, and the claimed error called to the attention of the trial court before a review of the evidence could be invoked on appeal.

In Prater v. Holloway, 49 N.M. 353, 164 P.2d 378, the sentence in question was discussed but its effect was not decided. We have, however, since the adoption of the rule repeatedly held a party could not obtain a review of the evidence where he failed to make requested findings or file exceptions. See Carlisle v. Walker, 47 N. M. 83, 136 P.2d 479; Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154; Teaver v. Miller, 53 N.M. 345, 208 P.2d 156; and Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438. We do not feel these decisions should be overruled.

■ It has been the view here that we should only apply the sentence in question where findings were made after judgment.

. ■ The findings of fact made by the trial court sustain its conclusions of law that the appellee had the better title, and the judgment quieting his title entered in the case.

■ As an alternative to obtaining a review of the evidence as though he had a proper record, the appellant invokes the doctrine of fundamental error as in State v. Garcia, 19 N.M. 414, 143 P. 1012, and several other criminal cases which followed it. This doctrine was given its place in our jurisprudence for the purpose of protecting an accused who had been convicted of a crime where there was no evidence to support the verdict. It was not intended to be applied in a case such as we have here where a decision was made in the main on conflicting evidence after three separate hearings and an independent survey.

The findings support the judgment and it will be affirmed.

It is so ordered.

SADLER, COMPTON and COORS, JJ., concur.

LUJAN, C. J., did not participate.