424 P.2d 806

Louis P. GUIDRY, Plaintiff-Claimant-
Appellant,

v.

PETTY CONCRETE COMPANY, Employer,
and Maryland Casualty Company, In-
surer, Defendants-Appellees.

No. 8146.

Supreme Court of New Mexico.

March 6, 1967.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

## OPINION

WOOD, Judge, Court of Appeals.

All of the issues relate to the absence of findings of fact and conclusions of law.

At the close of plaintiff's evidence, the trial court sustained defendants' motion to dismiss under § 21-1-1(41) (b), N.M.S.A. 1953. The parties were given time to submit requested findings and conclusions. Defendants did so. Plaintiff did not—neither before nor after entry of judgment. Nor did plaintiff make a general request for findings. (Plaintiff's counsel on appeal was not the trial attorney.) The trial court did not make findings nor conclusions.

Plaintiff appeals from the judgment dismissing his complaint with prejudice. He contends: (1) the trial court had a duty to make findings and conclusions, (2) under § 21-1-1(52) (B) (b), N.M.S.A.1953, he is entitled to a review of the evidence, (3) the issues presented are questions of law and (4) the ends of justice require that this case be returned to the trial court for the entry of findings and conclusions.

The first contention is that the trial court had a duty to make findings of fact and conclusions of law. Section 21-1-1(41) (b), N.M.S.A.1953, provides that if the court renders judgment on the merits against the plaintiff, " * * * the court shall make findings. * * *" Findings are provided for in § 21-1-1(52) (B) (a), N.M.S.A.1953. Subsection (1) states that the court " * * * shall find the facts. * * *" Subsection (6) states that findings are waived by a failure " * * * to make a general request therefor in writing, or if he fails to tender specific findings * * *."

The relationship of these provisions has been decided. As stated in DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966):

"Under Rule 52(B), supra, the trial court, when sitting without a jury, is required to make findings of fact. This is true even though a motion is sustained at the close of plaintiff's case. * * * Notwithstanding the fact that the rule is stated in mandatory language directed to the court, we have held that a party who has not requested the court to make findings on any given point, is not in position to obtain a review of the evidence on such point in this court."

Edington v. Alba, 74 N.M. 263, 392 P.2d 675 (1964), said:

"* * * this court, on appeal, will not consider whether the trial court erred in failing to make separate findings and conclusions where, as here, the complaining party neither tendered specific requests nor made a general request in writing."

■ Thus, where findings are waived under Rule 52(B) (a) (6), we do not consider whether the trial court erred in failing to carry out the mandatory language of Rules 41(b) and 52(B) (a) (1).

By his second contention, plaintiff seeks a review of the evidence. He asserts a right to such a review under the following language from Rule 52(B) (b), which was formerly 52(c):

"* * * When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them * * *."

Plaintiff relies on Duran v. Montoya, 56 N.M. 198, 242 P.2d 492 (1952); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956); and Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580 (1962). These cases state that a party cannot obtain a review of

the evidence under Rule 52(B) (b) where he failed to request findings or file exceptions. Not having requested findings, plaintiff's argument is concerned with the filing of exceptions.

His argument is that the right to a review of the evidence is not lost unless he failed to file exceptions, that he could not except to findings that have not been made, that loss of right to review for failure to file exceptions has not been involved in the case and, not having been involved, the right of review still exists.

■ The mistake in this argument is that it does not consider what would be reviewed. The purpose of a review of the evidence in a non-jury case is to determine whether the evidence supports the findings of the trial court. Here, there are no findings.

■ The wording of Rule 52(B) (b) contemplates the existence of findings. Duran v. Montoya, supra, states that this rule applies only to findings made after judgment. Absent such findings, Rule 52(B) (b) is not applicable. Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790 (1955). See also Moore v. Moore, 68 N.M. 207, 360 P.2d 394 (1961). Not being applicable, we do not reach the question of whether exceptions are necessary to obtain a review of findings made after entry of judgment.

■ Under the third contention, plaintiff claims that the trial court did not properly

apply the law to the facts. But the trial court did not make findings of fact. Plaintiff claims the facts are uncontradicted and therefore findings are not necessary. Defendants do not agree that the facts are uncontradicted. With a dispute as to the facts, and with no findings by the trial court, we have no facts before us. As an appellate court, we will not originally determine the questions of fact. Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95 (1958).

■ The third contention fails because of the absence of facts. As stated in DesGeorges v. Grainger, supra:

"We cannot agree that the issue presented is a question of law. Without some knowledge of the facts we have no basis upon which to make a determination of the correctness of the court's ruling on the law. * * *"

The fourth contention is that the case should be returned for the entry of findings and conclusions. Plaintiff claims that the remand is authorized under Rule 52(B) (a) (7), and particularly that portion of the rule which reads:

" * * * where the ends of justice require the cause may be remanded to the district court for the making and filing of proper findings of fact and conclusions of law."

This fourth contention proceeds on the basis that the above quoted language is independent of and not limited by other parts of the same subsection. For this appeal we assume, but do not decide, that this basis is correct.

Accordingly, the question presented by this fourth contention is the relationship of subsection (7) (ends of justice) to subsection (6) (waiver resulting from failure to request or tender findings). Since the question concerns the failure of plaintiff to request findings, cases where the trial court did not make findings, though requested to do so, are not applicable. Compare Apodaca v. Lueras, 34 N.M. 121, 278 P. 197 (1929); Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131 (1953); Smith v. South, 59 N.M. 312, 283 P.2d 1073 (1955); Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126 (1960); Moore v. Moore, supra; and State ex rel. Reynolds v. Board of County Com'rs, 71 N.M. 194, 376 P.2d 976 (1962). Nor is Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991 (1961) applicable. It held that a missing finding could be supplied on the basis of documentary or undisputed evidence.

The appellant did not request findings in Prater v. Holloway, 49 N.M. 353, 164 P.2d 378 (1945) and DesGeorges v. Grainger, supra. Prater was remanded with directions to the trial court " * * * to make and file proper findings of fact and conclusions of law * * *." The remand in DesGeorges permitted " * * * the parties to file requested findings of fact and conclusions of law." For the purposes of

this opinion we do not consider the difference in the remands to be significant.

The DesGeorges decision sets forth differences of opinion as to what the court held in the Prater decision. It is not necessary to discuss those differences because Prater is not applicable to this case. It is not applicable for two reasons: (1) In the Prater decision, the argument of appellee concerning subsection (6) is stated, but is not answered. In considering the question of findings by the trial court, the Prater decision lists the "pertinent" subsections of the rule. Subsection (6) is omitted; subsection (7) is included. The relationship of subsection (6) to subsection (7) is not discussed. (2) The holding that the ends of justice required a remand for findings is " * * * for reasons which need not here be stated * * *." No attempt is made in the Prater decision to explain why a remand was necessary.

The DesGeorges opinion shows the relationship between the failure to request findings and a remand for the "ends of justice." The claim in DesGeorges involved a contract to sell land which was asserted to be Indian land. DesGeorges states: " * * * if the property is Indian land, the contract to sell was contrary to public policy and void, * * *" Because of the public policy question, it was held that the rules were to be applied in a manner to promote a decision on the merits of the case.

Plaintiff claims there is a public policy question in this case and therefore DesGeorges is applicable. He says there is a public policy question because (1) this is a workmen's compensation case and (2) as a workmen's compensation claimant he "is entitled to favorable construction."

The effect of waiving findings of fact is not to be avoided in a workmen's compensation case solely because the case is one for workmen's compensation. There is a statutory declaration of public policy to the opposite effect. Section 59–10–13.9, N.M.S.A.1953, provides that the Rules of Civil Procedure apply to workmen's compensation claims except where the provisions of the Workmen's Compensation Act directly conflict with the rules. There is nothing in the Workmen's Compensation Act which directly conflicts with Rule 52(B) (a) (6).

■ The rule of liberal construction applies to the workmen's compensation law, not to evidence offered in support of a claim under that law. Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312 (1964). The rule is not applicable here. While the third contention attempted to raise questions of law, the issue there concerned application of legal rules to the facts of the case—the construction of the workmen's compensation law was not involved. The

second contention concerned the sufficiency of plaintiff's proof to withstand the motion to dismiss. The rule of liberal construction does not apply to the sufficiency of the proof. The rule of liberal construction not being applicable, it is not a basis for finding a public policy question.

The DesGeorges decision held that in the exceptional situations therein identified, the rules should be applied to promote a decision on the merits of the case. In those situations, the "ends of justice" prevail over subsection (6). If the exceptional situation is absent, the "ends of justice" provision is not applicable and the case is subject to the consequences of waiving findings under subsection (6).

■ That is the situation here. None of the exceptional circumstances identified in DesGeorges exist in this case. Accordingly, the "ends of justice" provision of subsection (7) is not applicable. Subsection (6) is applicable. Having failed to make a general request for findings or tender specific findings, plaintiff has waived findings by the court. Having waived findings, the case will not be remanded for findings by the court.

The judgment is affirmed. It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.