436 P.2d 106

William K. HAMILTON, Administrator of the Estate of Tom Frank Hamilton, a Minor, Deceased, and William K. Hamilton, Individually, Plaintiff-Appellant,

v.

Rusty WOODWARD, Individually and as Fire Chief of the City of Lovington, New Mexico, and the City of Lovington, New Mexico, Defendants-Appellees.

No. 8305.

Supreme Court of New Mexico.

Jan. 8, 1968.

Neal &. Neal, Tom W. Neal, Hobbs, for plaintiff-appellant.

Lowell Stout, Hobbs, for defendants-appellees.

OPINION

ANGEL, District Judge.

This suit was brought in the district court of Lea County to recover damages for death by wrongful act. Plaintiff's intestate, Tom Frank Hamilton, seven years of age, was killed in a vehicle-pedestrian accident in Lovington, New Mexico, during a Christmas parade. The case was tried to the court without a jury. At the termination of plaintiff's case, the court granted defendants' motion to dismiss the complaint on the ground that the evidence was insufficient to entitle plaintiff to recover.

Plaintiff appeals, raising two points as grounds for reversal: (1) that the evidence was sufficient to establish a prima facie case of negligence against defendants and the court erred in determining that the evidence was insufficient; and (2) that, as a matter of law, the undisputed facts establish the negligence of defendants and judgment should have been entered by the trial court accordingly.

No findings of fact and conclusions of law were made by the trial court and none were requested by plaintiff.

Section 21-1-1(41) (b), N.M.S.A.1953, provides that, in an action tried by the court without a jury, the court, as trier of the facts, may then determine them and render judgment against the plaintiff. It further provides that, if the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a) (§ 21-1-1(52) (B) (a), N.M.S.A.1953).

**634**

Under the circumstances in the instant case, is the trial court under a duty to make findings of fact and conclusions of law?

Section 21–1–1(52) (B) (a), supra, provides under subsection (1) that "the court shall find the facts and give its conclusions of law pertinent to the case." Subsection (6) states that findings are waived unless a party makes "general request therefor in writing, or if he fails to tender specific findings and conclusions."

Even though Rule 52(B) (a), supra, is stated in mandatory language, a party who has not requested the trial court to make findings on any given point may not obtain a review of the evidence on that point in this court. Kipp v. McBee, 78 N.M. 411, 432 P.2d 255; DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966); Edington v. Alba, 74 N.M. 263, 392 P.2d 675 (1964); Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580 (1962); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956).

We said in Edington v. Alba, supra:

"* * * [T]his court, on appeal, will not consider whether the trial court erred in failing to make separate findings and conclusions where, as here, the complaining party neither tendered specific requests nor made a general request in writing. * * *"

Where findings are waived under Rule 52(B) (a) (6), supra, this court will not consider whether the trial court erred in failing to carry out the mandatory language of Rules 41(b) and 52(B) (a) (1), supra. Guidry v. Petty Concrete Co., 77 N.M. 531, 424 P.2d 806 (1967).

Section 21–1–1(52) (B) (a) (7), N.M. S.A.1953, provides that where the ends of justice require, the cause may be remanded to the district court for the making and filing of proper findings of fact and conclusions of law.

In the instant case, we do not have a question of a general public nature affecting the interest of the state at large, so as to make subsection 7, supra, applicable.

DesGeorges v. Grainger, supra; Sais v. City Electric Co., 26 N.M. 66, 68, 188 P. 1110, 1111 (1920).

Plaintiff-appellant's appeal is predicated on a review of the evidence, which we are precluded from doing, there being no facts or conclusions before us. Also, since plaintiff waived findings of fact and conclusions of law by not requesting them in the trial court, he may not obtain a review of the evidence in this court.

The judgment is affirmed, and it is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.