871 P.2d 977

**Betty L. COCKRELL, Petitioner–Respondent,**

v.

**William COCKRELL, Respondent–Petitioner.**

No. 21529.

Supreme Court of New Mexico.

March 9, 1994.

Templeman & Crutchfield, P.C., James E. Templeman, Lovington, for respondent-petitioner.

C. Calvin Carstens, Hobbs, for petitioner-respondent.

## OPINION

RANSOM, Justice.

We issued a writ of certiorari to the Court of Appeals to address whether failure to make a timely request for findings of fact and conclusions of law alone precludes review by an appellate court of the sufficiency of the evidence in support of a finding made by the trial court. Although we affirm the Court of Appeals under the facts of this case, we take this opportunity to clarify that a request for findings is not the only means of preserving error based upon insufficiency of the evidence to support a judgment.

*Factual and procedural history.* In March 1992, Betty L. Cockrell sued William Cockrell for dissolution of marriage and division of assets. The court entered a decree of divorce in August and retained jurisdiction over the division of property and debts. On March 5, 1993, after a second hearing in December 1992, the court entered judgment dividing the community estate. Neither party had requested findings of fact and conclusions of law. In its judgment, the court stated: "[A]n absolutely equal dollar division of the Community Estate would be inequitable in light of the earning potential and ages of the parties."

On March 19, 1993, William submitted requested findings and conclusions that he concedes were not timely filed within the ten-day period provided in SCRA 1986, 1-052(B)(2) (Repl.Pamp.1992). He had not made a motion for reconsideration, or for a new trial, or to amend the judgment. William then appealed the decision of the trial court to the Court of Appeals, claiming that

the court erred in determining the amount of community lien to be awarded, in dividing the lien between the parties, and in failing to require Betty to pay interest on the amount she owed to William under the judgment. The Court of Appeals, in the course of three summary calendar proceedings, refused to review error. It interpreted William's issues as "challenging whether there was sufficient evidence to support the trial court's judgment." Citing *Pennington v. Chino Mines,* 109 N.M. 676, 678, 789 P.2d 624, 626 (Ct.App. 1990), the Court of Appeals held that William had waived review of the evidence solely because he failed to file a timely request for findings and conclusions.

In his response to the Court of Appeal's second calendaring notice, William argued that the "ends of justice" principle discussed in *DesGeorges v. Grainger,* 76 N.M. 52, 56, 412 P.2d 6, 9 (1966), required remand to the trial court for entry of more findings and conclusions. He further argued that even if the Court of Appeals could not review the sufficiency of the evidence, it could review the legal questions of whether the trial court used the proper standard for refusing to divide the community property equally and whether the court should have awarded post-judgment interest. The Court of Appeals held that the ultimate facts contained in the judgment were sufficient to support the decision and refused to review either legal question. The Court stated that review of the evidence was necessary in the first legal question because it was so intertwined with the factual matters for which there were no findings. As to the second question, the Court found that William had failed to preserve error.

■■■ *Appellant must call error to trial court's attention in order to preserve error for appeal.* There are two separate but interrelated principles at work in this case. First, in the face of a genuine issue, neither this Court nor the Court of Appeals is a fact-finding court; we must depend upon the findings made by the trial court to support a conclusion and judgment. *See Safeco Ins. Co. v. McKenna,* 87 N.M. 481, 482, 535 P.2d 1332, 1333 (1975) (holding that this Court is not authorized to make findings and must

depend upon the district court for findings of fact); *Guidry v. Petty Concrete Co.,* 77 N.M. 531, 534, 424 P.2d 806, 808 (1967) ("With a dispute as to the facts, and with no findings by the trial court, we have no facts before us. As an appellate court, we will not originally determine the questions of fact."); *Alexander Hamilton Institute v. Smith,* 35 N.M. 30, 32, 289 P. 596, 597 (1930) (without findings of fact, "it is impracticable [for an appellate court] to analyze the processes by which the [trial] court reached his general conclusions"). Further, a party cannot claim on appeal that the trial court erred by failing to make specific findings of fact and conclusions of law if the aggrieved party has not made a general request therefor in writing or if he has failed to tender specific findings and conclusions. *See* SCRA 1–052(B)(1)(f).

■■■ Second, to preserve trial error for appeal it is necessary to call the error to the attention of the trial court. *See* SCRA 1986, 1–046 (Repl.Pamp.1992) (preserving questions for review); SCRA 1986, 12–216(A) (Repl.Pamp.1992) (scope of review); *Blacklock v. Fox,* 25 N.M. 391, 393–94, 183 P. 402, 404–05 (1919).

The question as to whether there is sufficient evidence to support a material finding may be raised in any appropriate manner.... The essential thing is that the attention of the trial court should be called to the fact that it is committing error in making the finding, pointing out wherein the finding is erroneous.

. . . .

In this case no objection was made to the findings or judgment of the court, nor were any proceedings taken to secure a ruling of the district court as to the sufficiency of the evidence to support the findings or judgment. It follows that no question is presented to this court of which it can take cognizance ...

*Id.* at 394, 183 P. at 402–03; *see also Martinez v. Martinez,* 101 N.M. 88, 93, 678 P.2d 1163, 1168 (1984) (stating that although appellant failed to request a specific finding, Court could review error because appellant had moved the trial court to reconsider its decision on that particular issue before the

judgment was entered and trial court had an opportunity to squarely consider the issue).

The modern Rules of Civil Procedure for the District Courts specifically provide that:

When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.

SCRA 1–052(B)(2) (findings of fact). As we have already observed, the Rule also provides that, "A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or he fails to tender specific findings and conclusions." SCRA 1–052(B)(1)(f). In *Duran v. Montoya*, 56 N.M. 198, 242 P.2d 492 (1952), Duran appealed a judgment quieting title to land in Montoya. Challenging the sufficiency of the evidence to sustain the findings against him, Duran relied upon the specific language of Rule 52(B)(2) (formerly Rule 52(c)). The question was whether that Rule permits a challenge to the sufficiency of the evidence in the absence of requested findings or exceptions. Acknowledging that some federal courts have construed the rule as contended by Duran, this Court stated: "We have, however, since the adoption of the rule repeatedly held a party could not obtain a review of the evidence where he failed to make requested findings *or file exceptions.*" *Id.* at 200, 242 P.2d at 493 (emphasis added).

▆▆▆▆ *William waived error regarding failure to make specific findings by failing to request findings.* Applying these long-standing principles to the facts of this case, we find that William initially waived error in the trial court's failure to make additional or specific findings by his failure to request or submit findings. *See* SCRA 1–052(B)(1)(f). This Court will not remand for findings absent a timely request unless the "ends of justice" so require. *See* SCRA 1–052(B)(1)(g). Only when there are exceptional circumstances as exemplified in *Sais v. City Electric Co.*, 26 N.M. 66, 68–69, 188 P. 1110, 1111 (1920), or *State v. Wilson*, 109 N.M. 541, 545, 787 P.2d 821, 825 (1990), does an "ends of justice" argument prevail over waiver. *See Hamilton v. Woodward*, 78 N.M. 633, 634, 436 P.2d 106, 107 (1968); *Guidry*, 77 N.M. at 536, 424 P.2d at 809. These exceptional circumstances include those cases in which (1) jurisdictional questions exist, (2) there are questions of a general public nature affecting the interest of the state at large, (3) it is necessary to do so to protect the fundamental rights of the party, or (4) facts or circumstances occurred, arose, or first became known after the trial court lost jurisdiction. *Wilson*, 109 N.M. at 545, 787 P.2d at 825; *Sais*, 26 N.M. at 68–69, 188 P. at 1111. The case at bar contains none of these exceptions, so the case will not be remanded.

▆▆▆▆ *Untimely request for findings cannot be relied on as having called court's attention to error.* Having before us general findings incorporated in the judgment, we look to see if William *by any means* "filed exceptions" or otherwise called the trial court's attention to a sufficiency of the evidence problem. Unless a motion to amend or add findings is filed within ten days after entry of judgment, a party waives the right to request the court to change or add to its findings. *See* SCRA 1–052(B)(2); *Wagner Land & Inv. Co. v. Halderman*, 83 N.M. 628, 629, 495 P.2d 1075, 1076 (1972) (holding court cannot extend or enlarge the time for taking any action under Rule 52(B)(b) (now SCRA 1–052(B)(2))); *State ex rel. Baca v. Board of Comm'rs*, 22 N.M. 502, 506, 165 P. 213, 215 (1916) (holding that error not preserved if requested findings not timely filed). William waived his right to request additional findings *or to object that the judgment is not supported by the evidence* because he failed to timely submit or object to findings. There is nothing in the record indicating that, in any other satisfactory manner, William called the trial court's attention to the insufficiency of the evidence to support the judgment.

*Conclusion.* Because William did not request or timely submit findings or otherwise call the trial court's attention to a problem with the sufficiency of the evidence, he waived his right to appellate review. We

 

affirm the Court of Appeals and the trial court.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and FROST, J., concur.