This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MONICA SANDOVAL,**

 Petitioner-Appellant,

v. **NO. 31,225**

**RUDY RUBIO,**

 Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Law Office of Steven L. Almanza
Steven L. Almanza
Las Cruces, NM

for Appellant

Max Houston Proctor
Hobbs, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

 Petitioner, Monica Sandoval, appeals from the district court order awarding primary physical custody of Petitioner's two minor children to their father,

Respondent, Rudy Rubio. This Court originally issued a calendar notice proposing to affirm. Petitioner filed a memorandum in opposition, and this Court issued a second calendar notice proposing to reverse. Respondent has filed a memorandum in opposition to this Court's second notice of proposed disposition, which we have duly considered. We remand this case for entry of findings and conclusions to assure that the district court has considered the following factors in making the custody award.

Petitioner contends that the district court abused its discretion in awarding custody to Respondent because the custody award was not supported by substantial evidence. We issued a second notice of proposed disposition proposing to agree. We pointed out that the factors to be considered in the determination of the child's best interests are the wishes of the child's parents, the wishes of the child, the interaction and interrelationship of the child with his parents, siblings and other significant persons, the child's adjustments to home, school and community and the mental and physical health of all the individuals involved. *See Fitzsimmons v. Fitzsimmons*, 104 N.M. 420, 423, 722 P.2d 671, 674 (Ct. App. 1986) (citing NMSA 1978, Section 40-4-9 (1977)). We further noted that the district court did not enter findings relating to the aforementioned factors. We proposed to conclude that concerns with the cleanliness of Petitioner's home and with the children's hygiene and dental care were insufficient to support the district court's custody determination. [CN 4] Finally, we suggested

that, to the extent to which the district court relied on the economic disparity between the parties to determine custody, such reliance on disparity in income is not appropriate with respect to the custody of a child, but is more appropriately dealt with through child support obligations. *See generally* NMSA 1978, § 40-4-11.1 (2008).

Respondent has filed a memorandum in opposition to our proposed summary reversal. Respondent contends that there is sufficient evidence to support the district court's custody award and that, therefore, this Court should affirm. [Resp. MIO 2] Respondent does not, however, detail the evidence in support of the district court's custody award as requested by this Court in our second notice of proposed disposition. A party opposing this Court's summary disposition must clearly point out errors in law or fact. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Respondent's blanket assertion that there is sufficient evidence does not satisfy this burden. Although we note that Respondent included the Rule 11-706 expert report and tape log from the custody hearing, the tape log indicates that the district court relied very little, if at all, on the Rule 11-706 expert report. Furthermore, the

tape log provides very little insight into the actual testimony that was elicited or the evidence the district court relied on in making its determination.

Instead, Respondent relies on Petitioner's failure to submit proposed findings and conclusions to the district court, arguing that Petitioner has therefore waived any right to challenge the sufficiency of the evidence on appeal. Respondent cites to *Cockrell v. Cockrell*, 117 N.M. 321, 871 P.2d 977 (1994), and *Smith v. Maldonado*, 103 N.M. 570, 711 P.2d 15 (1985), for this proposition. Both of these cases rely on Rule 1-052 NMRA in support of their conclusion that "[t]here can be no review of the evidence on appeal when the party seeking review has failed to submit requested findings of fact and conclusions of law to the trial court." *Smith*, 103 N.M. at 572, 871 P.2d at 17; *see also Cockrell*, 117 N.M. at 323, 871 P.2d at 979. However, Rule 1-052 was amended in 2001, eliminating the previous reference to preservation. *See Rivera-Platte v. First Colony Life Ins. Co.*, 2007-NMCA-158, ¶ 44, 143 N.M. 158, 173 P.3d 765 (noting that Rule 1-052 NMRA was amended in 2001 and that the committee comment to the 2001 amendment states that reference to preservation of error was intentionally omitted from the rule). Thus, a litigant who fails to submit proposed findings and conclusions has not necessarily waived a challenge to the district court's findings and conclusions. *See id.*

4

Furthermore, although the district court entered general findings, the district court did not enter any findings relating specifically to the factors to be considered in determining what custody arrangement is in the children's best interest. *See* Section 40-4-9. The failure of the trial court to enter findings of fact regarding the actual custody determination hampers our ability to review the issue raised on appeal. Given the absence of findings and Respondent's failure to challenge the factual assertions made by Petitioner and relied on by this Court, we believe the fairest solution is to remand to the district court for an opportunity to clarify its findings and conclusions with regard to the custody issue.

For the reasons stated above, we remand to the district court for a proper entry of findings and conclusions to be entered within 60 days of the date of this opinion. Appellant is to supplement the record in this Court within 10 days after the district court's findings and conclusions are entered.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

5

_____

**CYNTHIA A. FRY, Judge**