FIRST NATIONAL BANK OF NEW CASTLE, Appellant,
*v.* GROW et al., Respondents.

(No. 4,086.)

(Submitted February 25, 1920.   Decided March 15, 1920.)

[188 Pac. 907.]

*Promissory Notes Payable to Order—Negotiability—Assignment*
*Without Indorsement—Effect—Pleading—Complaint.*

Promissory Note Payable to Order—Assignment Without Indorsement—
Effect.
1.   Where a negotiable instrument made payable to order is trans-
ferred without indorsement, its negotiable character is destroyed and the
assignee takes it subject to all such defenses as might have been avail-
able against it in the hands of the payee.
Pleading—Specific Control General Allegations.
2.   Where both general and specific allegations are made concerning
the same matter, the latter control.
Promissory Notes—Negotiability—Complaint—Insufficiency.
3.   *Held*, under the above rule, that the complaint in an action on a
promissory note made payable to order which specifically alleged that
the payee "sold, assigned and transferred" it to plaintiff, disclosed
an assignment, and that the general succeeding allegation that plaintiff
"is now the lawful owner and holder" thereof, was insufficient to supply
the averment that the transfer was had by indorsement.

*Appeal from District Court, Fergus County; Roy E. Ayers,*
*Judge.*

Action by the First National Bank of New Castle against
Chester A. Grow and others.   From a judgment for defendants
and an order denying new trial, plaintiff appeals.   Affirmed.

*Mr. E. K. Cheadle* and *Mr. Burton R. Cole,* for Appellant,
submitted a brief; *Mr. Cole* argued the cause orally.

Although there are decisions to the effect that a direct aver-
ment that plaintiff is the owner and the holder of the instrument
sued on is the averment of a mere conclusion of law and is insuffi-
cient, there are others to the effect that such an allegation is
sufficient to show a *prima facie* right to recover, and that the
mode of acquisition may be supplied by proof.   If the complaint

otherwise shows title in plaintiff, an additional allegation that he is the owner and the holder is unnecessary and superfluous. (8 C. J., 890, sec. 1164; *Clark* v. *Moses,* 50 Ala. 326; *Walker* v. *State Bank,* 4 Stew. & P. (Ala.) 215; *Rice* v. *Hogan,* 8 Dana (Ky.), 133; *New South Brewing etc. Co.* v. *Price,* 21 Ky. Law Rep. 11, 50 S. W. 963; *Draper* v. *Fletcher,* 26 Mich. 154; *Maccarone* v. *Hayes,* 85 App. Div. 41, 82 N. Y. Supp. 1005; *Holstein* v. *Rice,* 15 How. Pr. 1; *Gunter* v. *McEntire* (Tex. Civ. App.), 24 S. W. 590; *Reeve* v. *Fraker,* 32 Wis. 243.)

Under the negotiable instruments law, it has been held sufficient to allege that plaintiff is the owner and in possession of the instrument, although it is not payable to plaintiff and there is no allegation that it has been assigned or indorsed to him. The leading case cited as to this point is *Callahan* v. *Louisville Dry Goods Co.,* 140 Ky. 712, 131 S. W. 995. (8 C. J., 890, note 88.)

*Mr. O. W. Belden,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The allegations of the complaint, omitting merely formal parts, are to the effect that on June 13, 1912, the defendants executed and delivered their certain promissory note for $1,500, payable to the order of J. E. Blakeley; that prior to the maturity of the note Blakeley "for a valuable consideration sold, assigned and transferred the said note to the plaintiff herein; that the plaintiff is now the lawful owner and holder of the said note, and that the same is wholly due and unpaid." A copy of the note is set forth in the complaint.

The answer admits the execution of the note, and by way of affirmative defense alleges that it represented the purchase price of a stallion purchased by defendants from Blakeley under a special written guaranty; that the note and guaranty were executed contemporaneously and constituted parts of the same trans-

action; and that the terms of the guaranty were breached by Blakeley. The trial of the cause resulted in a general verdict for defendants, and from the judgment entered thereon and from an order denying a new trial, plaintiff appealed.

Twelve specifications of error are assigned, but they involve but a single fundamental question, and may be considered upon the objections to instruction No. 7, given by the court. That instruction follows: "You are instructed that the plaintiff bank [1] claims to be the holder of the note by assignment and transfer, and that in this case such claim does not cut off equitable defenses against the payee thereof, and if you find from the testimony in this case, by a preponderance thereof, that the defendants were deceived, or that the note was obtained from them by misrepresentation or fraudulent practice on the part of J. E. Blakeley, the payee therein, or that he failed to live up to his contract alleged to have been given contemporaneously therewith, then your verdict must be for the defendants in this case."

Do the allegations of the complaint set forth above admit of the interposition of the special defense against Blakeley? We think they do. In *Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4, this court said: "A negotiable instrument, payable to order, must be indorsed by the payee, in order to preserve its negotiability in the hands of a subsequent holder. A transfer without indorsement destroys its negotiable character, and the assignee takes it subject to all such defenses as might have been available against it in the hands of the payee."

Appellant insists that the allegation that "plaintiff is now the [2, 3] lawful owner and holder of said note" is sufficient to show *prima facie* a right in plaintiff as a holder in due course, and that the mode of acquisition may be supplied by proof, and 8 Corpus Juris, 890, is cited in support of the contention. If that allegation stood alone, much might be said in support of the argument, particularly in view of the provisions of sections 5900 and 5907, Revised Codes (N. I. L. 51, 59). But since the general allegations of ownership and possession are modified by special allegations disclosing the mode of transfer, plaintiff nar-

rows the issues and limits itself to the particular mode alleged. This follows from the general rule of pleading that, where both general and specific allegations are made respecting the same matter, the latter control. (31 Cyc. 85.)

This is not a case in which the complaint fails to state the mode of transfer; on the contrary, the allegations of the complaint, taken together, disclose affirmatively that whatever title or right of possession plaintiff has is dependent upon a transfer by assignment from Blakeley, the payee. Under the rule announced in *Cornish* v. *Woolverton* above, the note was non-negotiable in the hands of the plaintiff, and subject to any defense which would have been available against Blakeley had he brought the suit.

We do not pass upon the sufficiency of the answer. It was not tested by demurrer or otherwise, but the cause appears to have been tried upon the theory that a defense is pleaded, and under that view of the case the court was correct in admitting evidence of the special defense and in submitting instruction No. 7 above.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Hurly, Matthews and Cooper concur.

Rehearing denied May 29, 1920.