## STOVER v. PEACOCK.

[No. 11,746.    Filed January 8, 1924.]

1.  PLEADING.—*Specific Allegations Control General.*—In considering the sufficiency of a pleading when the same is tested by demurrer, general allegations therein are controlled by specific allegations concerning the same fact or matter.  p. 648.

2.  TRADE-MARKS AND TRADE-NAMES.—*Unfair Competition.*—A merchant can acquire no right to the exclusive use of words as a trade-name which are merely descriptive of the business conducted by him, or of a class of goods sold by him, and a merchant who has been engaged for many years in selling sporting goods under the trade-name of "Stover Sport Shop" cannot enjoin another merchant from using the name "Peacock Sport Shop."  p. 648.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by Frank A. Stover against Edward L. Peacock.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*P. C. Fergus,* for appellant.

*G. A. Elliott,* for appellee.

ENLOE, J.—By this action the appellant sought to enjoin the appellee from opening and operating a store in the city of South Bend, which store, it was alleged, was to be opened and operated under the name and style of "Peacock Sport Shop."  The appellant in his complaint alleged that he was a resident of the city of South Bend, and that for two and one-half years before the bringing of the suit he had been the owner of and had conducted a store in said city which was known as "Stover Sport Shop;" that under said name he had spent large sums of money in advertising said business, and that the same was a growing, substantial, and profitable business.  There were many other allegations in said complaint, but we do not deem it necessary to set them out.  To this complaint,

which was duly verified, the appellee filed a demurrer, which was sustained, and the appellant, electing to abide said ruling, suffered judgment to be rendered against him. The sustaining of said demurrer is the only question presented on this appeal.

The appellant in his brief urges that the term "Sport Shop," as designating his place of business, was used in a particular, a distinctive, sense; that it was used as a "trade name" and as such was valuable to him; and that the appellee is about to appropriate such "trade name" to his damage.

In considering the sufficiency of a pleading, when the same is tested by a demurrer, it is fundamental that general allegations therein are controlled by specific allegations concerning the same fact or matter. So in this case, if the specific allegations of said complaint show that these words "sport shop" were not used by the appellant in a particular or distinctive sense, that they were not used with reference to their secondary meaning, (if any such meaning they in fact had) as applied to the business of appellant, but, on the contrary, if such specific averments show that such words were used in their descriptive sense, as indicating the line of merchandise sold, and that they were so understood by the public, then appellant could not appropriate said words "Sport Shop," to his own exclusive use, and prevent other persons, selling the same line or class of goods from using said words as descriptive of their business, and thereby, possibly, monoplize that class of trade.

When we read the appellant's complaint we find this specific allegation: "* * * and Stovers Sport Shop is valuable to this plaintiff as a trade name *because the words indicate the class of goods sold by plaintiff,* and * * * *the buying public has associated said name with the class of goods.*" (Our italics.)    This direct

and positive averment as to the use by appellant of said words is controlling. This appellant, under the averments of his complaint, has no more right to the exclusive use of the words "sport shop" than has the owner of a "gun shop" to the exclusive use of such words. Words which are descriptive of a business, or of a class of goods sold, are not subject to exclusive appropriation by any one proprietor. *Bolander* v. *Peterson* (1891), 136 Ill. 215, 26 N. E. 603, 11 L. R. A. 350; 38 Cyc pp. 824-825.

Judgment affirmed.