[No. 3084, Jan. 8, 1927]

STATE v. KNOWLES

[252 Pac. 987]

SYLLABUS BY THE COURT

1. Objections not made in trial court not available on appeal.

2. To warrant new trial, there must be an affirmative showing of error.

Appeal from District Court, Eddy County; Brice, Judge.

R. B. Knowles was convicted of selling intoxicating liquor to a minor, and he appeals. Affirmed.

Robert C. Dow and E. P. Bujac, both of Carlsbad, for appellant.

James N. Bujac, Asst. Atty. Gen., for the State.

[1] 17CJ p. 51 n. 61. [2] 17CJ p. 274 n. 18.

OPINION OF THE COURT

WATSON, J. R. B. Knowles appeals from a conviction for selling intoxicating liquor to a minor, he not being the parent or guardian of such minor. Laws 1923, c. 10.

[1] Two errors are assigned, the first of which is that there was a lack of all proof to show that appellant was not the parent or guardian of the minor. The assistant attorney general points out that this is an objection not in any manner brought to the attention of the trial court, and we have failed to find any such objection. Hence we cannot consider it here. Laws 1917, c. 43, § 37; State v. Garcia, 19 N. M. 414, 143 P. 1012. On the rehearing of the Garcia Case, some limit was placed upon the application of this rule, but the case at bar does not seem to call for the exercise of the inherent power of this court to intervene for the protection of fundamental rights.

[2] Appellant having put his general reputation in evidence, the state, on rebuttal, produced a witness who testified that it was bad. On cross-examination, he gave a negative answer to the question:

"* * * You are right now under a suspended jail sentence of 30 days on account of using electricity from the Carlsbad Light & Power Company that you did not pay for?"

On surrebuttal, with a view to impeaching the witness, under Code 1915, § 2179, by showing that such sentence had been imposed upon him, appellant offered the docket of a city police court, presided over by a city judge appointed by the city council; the judge not being a justice of the peace. The district attorney objected that the court had no legal existence and its sentence no validity. That is the question argued here. The state, however, does not rely entirely on its contention that the court was a legal tribunal. It also argues that if the ruling constituted error, it was harmless.

We deem it unnecessary to decide either question. The trial court ruled:

"The offense charged was that of violating a city ordinance. This is a civil matter. Under the law, it is not even a misdemeanor. But as stated, the trial was by a tribunal which had no authority in law to try anybody, and that was not a court, and the judgment is a nullity, and it is excluded from the testimony."

The ruling, it will be observed, was placed on a ground additional to the nonlegaltiy of the court; namely, that the offense, of which conviction was sought to be shown, was violation of a city ordinance, was a mere civil matter, and did not amount to a misdemeanor. In this ruling the court had the record before him, perhaps, the ordinance. We have neither. We have no means of knowing whether the ordinance defined or the complaint charged a misdemeanor. If appellant desired a review of the ruling, it was incumbent on him to include the ordinance and the proceedings in the transcript. In the absence of an affirmative showing of error, the ruling is presumed to have been correct.

It follows that the judgment should be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.