[No. 3080.   Nov. 9, 1927.]

MAYER v. LANE et al.

[262 Pac. 178.]

E. R. Wright, of Santa Fe, and Geo. B. Barber, of Carrizozo, for appellant.

A. H. Hudspeth, of Carrizozo, for appellees.

OPINION OF THE COURT

BICKLEY, J.   This is an action by a cotenant of mining property, against his cotenants, for damages for injury to said property, resulting from failure of defendants to work said mining property in a safe, prudent, and careful manner, which resulted in the cave-in and destruction of the main mining shaft of said property.   It is alleged:

"That in the month of May, A. D. 1920, said main working shaft on said North Homestake mine caved in and was entirely destroyed, as plaintiff was informed and believes; and said cave-in of said mine shaft commenced about 200 feet below the surface of its mouth and extended on down in said shaft for a number of hundred feet, thereby completely destroying the shaft, together with its timbers, and all the lower workings in said mine collapsed and were absolutely ruined by means of timbers, earth, and stone filling up said workings beyond repair and covering up any ore bodies that may exist under and below the lower levels of said mine shaft."

The suit was commenced on January 20, 1925.   The sufficiency of the complaint was attacked by a motion to strike, and which set up that it appeared upon the face of said second amended complaint that all waste, injuries, and damages, alleged to have resulted from the acts of any of the defendants to said property, occurred more than four years prior to the commencement of this action and was

barred by section 3349 of the Code of 1915, and contained insufficient allegations of avoidance of said statute of limitations.

The trial court apparently treated the motion to strike as a demurrer and rendered judgment that the second amended complaint was insufficient, and, the plaintiff refusing to plead further, dismissed the said second amended complaint.

Appellant states that the main ground relied upon by the trial court in holding the second amended complaint insufficient was that it appeared upon the face thereof that the cause of action therein alleged was barred by the statute of limitations. Section 3349, Code 1915.

One of appellant's assignments of error is as follows:

"The court erred in sustaining appellees' motion to strike the second amended complaint, and dismissing its suit, upon the grounds that the said cause of action in the complaint was barred by the statute of limitations."

It appears that the cause of action for injury to and destruction of the shaft is barred by the statute of limitations, unless such bar can be said to be avoided by the allegations of the complaint, in an attempt to come within the provisions of section 3366, Code of 1915, which is as follows:

"In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved."

These allegations of the pleader are as follows:

"Plaintiff further alleges that he did not discover that the said cave-in of said shaft and destruction of same until as late a date as the middle of the month of February of the year 1921; that during a few months previous to this date and up to its termination said shaft was explored with a view of repairing it, if possible, and such exploration fully showed that it could not be repaired, except at a cost greater than the cost of mining and timbering a new shaft in entirely new ground away from the loose ground surrounding the said caved shaft, also, at about the same date last above mentioned, the plaintiff learned for the first time by means of a written statement, furnished him by a defendant Jackson, that said main shaft and also the mine was a complete wreck, caused by a caving-in as aforesaid."

We have here a general statement, following the language of the statute, whether regarded as a mere conclusion of law or not, to the effect that the plaintiff did not learn of the cave-in and destruction of the shaft until the middle of February, 1921, followed by a specific allegation that during a few months previous to this time, said shaft was explored with a view of repairing it, if possible, and that such exploration showed that it could not be repaired.

It has been said that if a pleader not content to rest his case upon general allegations sees fit to supplement these allegations by pleading facts relative thereto, which serve to weaken or destroy the general allegations, he must abide what he has done. See Zosel v. Kohrs, 72 Mont. 564, 234 P. 1089.

In Jamison v. McMillen, 26 N. M. 231, 190 P. 726, we said:

"The plaintiff is not required to anticipate the defendant's defense, but, if he does so, facts such as would * * * destroy such defense must be stated."

The following are a number of illustrations from the adjudications of this general principle of defense pleadings:

"Where both general and specific allegations are made concerning the same matter, the latter control." First National Bank v. Grow, 57 Mont. 376, 188 P. 907.

"When pleadings are tested by demurrer, the general allegations are controlled by specific allegations concerning the same fact or matter." Stover v. Peacock, 80 Ind. App. 647, 141 N. E. 889.

Generally, specific allegations in a pleading must be given precedence over general averments, inasmuch as the latter are to be deemed, explained, limited, and controlled by the former. Wright v. State, 104 Okl. 57, 230 P. 268.

"Facts pleaded specifically in support of claim will control all general averments, and pleading will be tested according to specific averments." Neal v. Baker (Ind.) 147 N. E. 635.

"On demurrer, petition as a whole is to be looked to and demurrer does not admit as a fact, that which petition contradicts, and a statement made as conclusive or general cannot be held to be unaffected by specific statements which qualify or limit general statement." Anderson v. Inter-River Drainage and Levee Dist. (Mo. Sup.) 274 S. W. 448.

It is not clear from the allegations of the complaint when plaintiff learned by means of a written statement furnished by the defendant Jackson that the shaft and mine were a complete wreck, but it is apparent that the plaintiff a few months prior to the middle of February, 1921, explored the shaft and mine sufficiently to learn that it could not be repaired, and it is to be noted that the shaft caved in and was entirely destroyed in May, 1920, and it is not apparent that the full extent of the injury could not be ascertained at the time of such exploration.

It is frequently said that pleadings are to be construed most strongly against the pleader; and it is usually said that in cases of doubt, ambiguity, or uncertainty, that construction of the pleading will be adopted which is most unfavorable to the pleader. See cases collected in the American Digest (First and Second Decennial Digest) "Pleading," § 34 (4). That this rule is applied when the pleading is tested by demurrer is also asserted in a great number of cases.

In Cross v. County Commissioners, 9 N. M. 410, 54 P. 880, in which a complaint attacked by a demurrer setting up statute of limitations was declared insufficient, the court said:

"Here, it appearing on the face of the declaration that nine years had elapsed between the date of the warrant and the commencement of this action, with no allegation in explanation for the reason of the delay in instituting the action, the county properly pleaded the statute of limitations, and the plaintiff, having failed to move to amend to allege such facts as would avoid the statute, *must in view of the rule of law that all presumptions are against the pleader* be deemed to have been unable to set up such facts as would avoid the bar. * * *"

"When two facts are pleaded, both of which are pertinent to the theory of the complaint, and are inconsistent one with the other, that which is strongest against the pleader must be accepted as overcoming that most favorable to him." Romona Oolitic Stone Co. v. Tate, 12 Ind. App. 57, 37 N. E. 1065, 39 N. E. 529.

Having in view the principles thus declared, we find no error in the decision of the lower court in finding the complaint insufficient as being barred by the statute of limitations.

Appellant's other specific assignments of error are that the court erred in dismissing the second amended complaint, for the reason that it stated "a good cause of action in favor of the appellant, and against the appellees, sounding in tort in favor of the appellant as a cotenant in mining property with the appellees" and "dismissing its suit, upon the grounds that there was no allegation of ouster or exclusion of the appellant as a condition precedent to bringing an action for waste," and "upon the grounds that said complaint contained no sufficient allegations of waste or use of the common property to the detriment, damage, or injury of the appellant." One of the points argued in the briefs is the sufficiency of the allegations of the complaint to show ouster of the plaintiff by the defendants. It seems not necessary to consider this in view of what has been heretofore said. The appellant's theory is that it was necessary to show an ouster as a condition precedent to an action of tort by one cotenant against another cotenant, upon a charge of waste. There is no allegation of waste, other than the destruction of the shaft heretofore mentioned. The taking of ore from a mine by a co-owner is not waste. The allegations of the complaint show that the mine was open on the premises at the commencement of the co-ownership of the parties.

"It is well settled that where mines or quarries are open on the premises at the commencement of the tenancy, it is not waste to work them in the usual way, even to exhaustion." 40 Cyc. "Waste," p. 507.

"The tenant for life or for years had the right to work an open mine; and the recognized reason why such an act was not deemed waste was that it constituted the normal use of the property in the character which it possessed at the time of the accrual of the tenancy." Lindley on Mines (2d Ed.) § 789a, p. 1416.

"Mining by a cotenant in the usual manner should never be considered waste. His entry upon the common property for the purpose of mining, is always lawful, as we have seen, and, therefore, so long as he prosecutes his operations in a miner like manner, he is not impeachable for waste." Snyder on Mines, § 1438.

See, also, Freeman on Cotenancy and Partition (2d Ed.) § 249a.

If the injury to the shaft is eliminated, there seems to be nothing left which would authorize the plaintiff to sue

for damages. Appellee argues that the taking of ores, rents, and profits, or use and occupancy, is distinctly an equitable proceeding, citing a number of authorities. But, as we do not find that appellant disputes this assertion (in the absence of waste), we deem it unnecessary to discuss this proposition.

It is claimed by the appellant that the court erred in sustaining the motion to strike, for the reason that a motion to strike is not the proper motion or pleading to present the objections to the complaint. As we have said, the court treated the motion to strike as demurrer, and it embodied grounds of demurrer. In the case of Hyde v. Bryan, 24 N. M. 457, 174 P. 419, we held that the face of a pleading controls its character and not the name given it by the pleader. In Wisconsin Lumber Co. v. Greene & Western Telegraph Co., 127 Iowa, 350, 101 N. W. 742, 69 L. R. A. 968, 109 Am. St. Rep. 387, the court held that judgment would not be reversed because a portion of the answer was tested by what was called a motion to strike, instead of by demurrer.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

PARKER, C. J. and WATSON, J., concur.