42 P.(2d) 211

## STATE v. LOVELESS.

### No. 4045.

Supreme Court of New Mexico.

March 11, 1935.

Lytton R. Taylor, of El Paso, Tex., for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

Appellant was informed against for unlawfully soliciting and writing insurance in New Mexico without having first obtained a license. He was convicted and sentenced to pay a fine of $200, and has appealed.

He complains of the generality of the allegations in the information, but, not having excepted thereto in the trial court, we need not consider this alleged error. Haynes v. U. S., 9 N. M. 519, 56 P. 282. State v. Sullinger, 36 N. M. 148, 9 P.(2d) 689.

The language of the information plainly shows, and the Attorney General concedes, that it purported to charge a violation of the provisions of section 71-135, Comp. St. 1929, which is as follows: "Any person writing or attempting to write, solicit, or procure insurance within the state of New Mex-

ico without a license properly issued in accordance with the requirements of this act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in a sum not less than fifty dollars, nor more than two hundred dollars, or imprisonment in the county jail of not less than thirty days, nor more than sixty days, in the discretion of the court; Provided, that this section shall not apply to salaried officers or employees of licensed insurance companies who are visiting or instructing their licensed agents, and who do not receive any part of the commission on any business that they may write, solicit, or procure."

The court instructed the jury:

"2. The Statute, section 71-111, of the New Mexico Statutes Annotated, 1929 Compilation, under which this prosecution is based, provides as follows: 'Any person, partnership or corporation transacting any business of insurance in the State of New Mexico, without having first received a license to transact said business shall be guilty of a misdemeanor,' etc.

"3. The material allegations of the Information necessary to be proved to your satisfaction and beyond a reasonable doubt are that on the 6th day of October, 1933, or at any time within two years next prior to the 20th day of October, 1933, being the date the information was filed in this court by the District Attorney, in the County of Dona Ana, State of New Mexico, the defendant, F. A. Loveless, did unlawfully solicit and write insurance without first having obtained a license, and that he, the said F. A. Love-

less, then and there was not a salaried officer, or employee of any licensed insurance company duly licensed and doing business within the State of New Mexico.

"4. If you believe from the evidence beyond a reasonable doubt that in the County of Dona Ana, State of New Mexico, on the 6th day of October, 1933, the date alleged in the Information, or at any time within two years next prior to the 20th day of October, 1933, being the date the Information was filed into Court by the District Attorney, the Defendant, F. A. Loveless, unlawfully did solicit and write insurance within the State of New Mexico, without first having obtained a license, and that the said F. A. Loveless, then and there was not a salaried officer or employee of any licensed insurance company duly licensed and doing business within the State of New Mexico, then you should find the defendant guilty in manner and form as charged in the Information."

Appellant here complains of the giving of instruction No. 2, quoted supra, "for the reason that the information was not had under this section of statute, but under section 71-135, and the action of the court in so charging the jury was prejudicial in informing the jury and leading them to believe that they were warranted in convicting the defendant if he had transacted any business of insurance, whereas the defendant was only charged under section 71-135, with having solicited and written insurance."

The instruction was not excepted to. It has been often decided by this court that

an erroneous instruction not in some manner challenged need not be considered on appeal. However, under the principles announced in State v. Garcia, 19 N. M. 414, 143 P. 1012, the restrictions of this rule apply only to the parties and not to this court, and this court, of its own motion, may see that a man's fundamental rights are protected in every case and where such rights have been violated, while he may be precluded by the rule from insisting in this court upon relief from the same, the court has power in its discretion to relieve him. In State v. Bailey, 27 N. M. 145, 198 P. 529, 534, we said: "The giving of instruction No. 20 was not excepted to and need not necessarily be considered. * * * In connection with the discussion of these instructions, we do not wish to be understood as departing from the well-established practice of refusing to consider questions on instructions where they have not been duly saved. We have been led in this case to depart somewhat from the strict letter of the rule on account of the enormous consequences to the appellant; he being under sentence of death. For this reason alone, we have been desirous of satisfying ourselves that by no possibility has the defendant been unjustly convicted."

It has sometimes been said that an objection that an instruction incorrectly stating the issues raised by the pleadings in a criminal case cannot be raised first on appeal. 17 C. J. "Criminal Law," § 3333, note 5. An examination of the cases cited to the text show, however, that the alleged erroneous instructions contained propositions of law applicable to the case. In the case at bar, the complaint is that the instruction said to be erroneous discloses an entire misconception as to the offense charged.

To understand the error into which the district attorney and the court fell, it will be well to look at our Insurance Code, chapter 71, Comp. St. 1929 (section 71-101 et seq.), quoted by the court in instruction No. 2. From its language and context, this statute inveighs against insurance companies "transacting any business of insurance" in New Mexico without first having received a license to transact such business. It is quite apparent that section 71-111 applies to insurance companies "transacting any business of insurance," while section 71-135 applies to agents who "write, solicit, or procure insurance." The penalties for violation of the respective sections are different.

It has been held that doing or transacting insurance business includes taking of a note for an installment of premiums and transmitting it to the company. Where a company has made a voluntary assignment of its property, it will be considered as "doing business where such company has been transacting business in the state, although it ceases to take new risks." Issuance of insurance policies is transacting insurance business. So is collecting premiums on policies in force even after withdrawal of agent from the state. Collecting premiums and paying losses on policies outstanding after the insurer's withdrawal from the state has been held to be transacting insurance business. See Joyce on Insurance (2d Ed.) § 330–a.

None of these transactions necessarily involve writing, soliciting, or procuring insurance which is the subject of the legislation in section 71-135, and proof of participation by an accused in such transactions would be slight, if any, evidence that he had written, solicited, or procured insurance.

So we hold that it was error for the court to instruct the jury that the defendant was on trial for an offense distinct from the one of which he was charged. Of what good would be the constitutional guaranty to the accused "to demand the nature and cause of the accusation" if the court may instruct the jury that the accused is charged with an offense of which he is not charged? We regard it as fundamental that the accused must be tried only for the offense charged in the information. In Territory v. Hubbell, 13 N. M. 579, 86 P. 747, 748, 13 Ann. Cas. 848, it was said: "The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had."

In the case at bar, the defendant was charged with one offense and was tried and convicted and sentenced for another. He was charged with soliciting and writing insurance, and was convicted of transacting an insurance business. This conviction and sentence, if it stands, would afford him no protection against further prosecution for soliciting or writing insurance.

The situation is not relieved by the fact that the court described correctly in instruction No. 3 the material allegations of the information. The trouble is, it seems, that the trial court considered the allegations of the information that defendant "did unlawfully solicit and write insurance within the State of New Mexico" as charging him with transacting the business of insurance.

The Attorney General argues: "If defendant solicited or wrote insurance, then he transacted an insurance business and we view the particular section under which the information is drawn as of little consequence." The court and counsel fall into error here. Soliciting or writing insurance might prove that the accused transacted an insurance business, but the converse is not necessarily true. An accused may have done several things within the illustrations heretofore given from Joyce which would show that he was doing or transacting an insurance business without at all having solicited or written insurance.

A glance at certain exhibits said by appellant to have been erroneously introduced and received in evidence over the objection of defendant upon the ground that the same were incompetent, irrelevant, and immaterial, in that they did not tend in any way to prove the commission of the offense charged, illustrates the prejudicial vice of the instruction. One was a letter from the defendant addressed to a woman in Texas, stating that

the claim on the insurance certificate of her late husband was having attention. Another was a letter from San Benito, Tex., addressed to the same woman, and which merely stated that the defendant who wrote the letter would be in Brenham, Tex., in a short time to see her about her husband's death. Another was an application for membership in the insurance company represented by defendant, undated, and only partially filled out, the applicant residing at Three Rivers, Tex. The document was found in defendant's possession as were some other blanks and supplies which might indicate that the defendant was transacting insurance business. Another exhibit was a letter addressed to the defendant, written by a woman in Fort Smith, Ark., referring to difficulty in carrying a policy on the writer's mother, and stating that the writer would have difficulty in carrying the policy unless defendant made a payment on a note held by her. Another exhibit was an application for credit addressed to the Chevrolet Company signed by the defendant, in which there is propounded a question to the applicant: "Q. If in business for yourself state what business? A. Insurance." Another exhibit was a letter from a woman giving notice of the death of her husband, and requesting papers to be mailed to her so that she could make out proof of death.

Apparently the district attorney entertained the same ideas as the court. During the progress of the trial the district attorney, Mr. Threet, announced: "The law doesn't mean he (defendant) has to solicit anyone; it is conducting a business without a license." If the jury had been properly instructed to the effect that the defendant was on trial for soliciting and writing insurance, it is possible that the exhibits introduced in evidence and heretofore referred to, might have been properly received in evidence for the purpose of establishing circumstances indicating that the defendant was an insurance agent or holding himself out as an insurance agent, as having a bearing upon other evidence which might show that he was engaged in soliciting or writing insurance. But when we contemplate that the theory of the court and the district attorney was that the information charged an offense against section 71-111 inveighing against transacting an insurance business, it is easy to see how misleading the evidence is. The jury, being told that the information charged a violation of the statute against transacting an insurance business, might very easily be satisfied that these exhibits showed that the defendant was transacting such a business, and draw their minds away from the instruction given by the court, that they must believe that the defendant did unlawfully solicit and write insurance in order to find the defendant guilty.

The judgment must be reversed and the cause remanded, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.