254 P.2d 685

**LE DOUX et ux. v. MARTINEZ et al.**

No. 5537.

Supreme Court of New Mexico.

March 12, 1953.

Harry L. Bigbee and Donnan Stephenson, Santa Fe, for appellants.

F. A. Catron and Thomas B. Catron III, Santa Fe, for appellee.

COMPTON, Justice.

We are called on to construe our wrongful death statute, Sec. 24–104, New Mexico Statutes Annotated, 1941 Comp., as amended Ch. 125, Sec. 1, L.1947. The part material to a decision, reads:

"Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any state (stage) coach or other public conveyance, while in charge of the same as driver * * * the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance, at the time any injury is received, * * * shall forfeit and pay for every person or passenger so dying, the sum of ten thousand dollars ($10,000), which may be sued and recovered * * *."

On August 9, 1951, Pete Sanchez took his nephew Anthony Joe LeDoux, a child of the age of two years and eight months, for a motor ride in his truck. Shortly thereafter, Sanchez returned the child and parked in the four hundred block on San Francisco Street, across from the LeDoux residence, the truck facing east on the south side of San Francisco Street, the LeDoux apartments being on the north side. In crossing the street to his home, the child was run over and killed by a taxicab owned by appellee, Joe Martinez, doing business as City Cab Company, and operated by his agent Jose Victor Chavez.

The complaint advances three theories for a recovery. Appellants allege that the death of the child resulted from the negligence and unskillfulness of appellee's driver in the operation of the cab; that appellee was negligent in employing a young and inexperienced driver in the operation of the business; and the negligence of appellee generally as a proximate cause of the injuries. The latter charges, however, are abandoned. The wrongful death statute is now the basis for recovery.

Issue was joined by a general denial. As a first separate defense, appellee pleaded the contributory negligence of appellants as a direct and proximate cause of the injuries to and the death of the child, *in permitting the child on the street at the time and place of the accident*. As a second separate defense, appellee pleaded the contributory negligence of the child as a direct and proximate cause of the injuries resulting in its death. The cause was tried to the jury, which returned its verdict in favor of appellee. To test the correctness of the action of the court, the cause is brought here for review.

The trial court instructed the jury on imputed negligence, as follows:

"21. You are instructed that if the plaintiffs in this case entrusted their child Anthony Joe LeDoux to the care and custody of his uncle, Pete Sanchez, on the occasion here involved, and if you further believe from a preponderance of the evidence that the accident to and injuries sustained by the child were caused by any negligent act on the part of said Pete Sanchez, while said child was in his care and custody, and which act contributed to the accident and injury to the child as a proximate cause thereof, then even though you should believe and find that Joe Victor Chavez was negligent in the operation of the taxicab being driven by him, at the time and place in question, plaintiffs cannot recover and your verdict should be for the defendant. The negligent act or acts of the uncle Pete Sanchez, under such circumstances are chargeable to the parents, or parent, who entrusted the child to the care of said Sanchez and they cannot be permitted to benefit or profit by their own wrong, if such there was."

The point is made by appellants that the contributory negligence of Pete Sanchez was not an issue. The contention has merit. There was no basis for the instruction. The pleadings as framed limit the issue of contributory negligence to appellants and the child. Further:

"It is a general rule that specific averments in a pleading must be given precedence over general averments regarding the same matter. They are deemed to explain, limit, and control the general allegations. This, general averments of negligence followed by enumeration of the specific acts of negligence relied upon are controlled by such averments of specific acts, and the pleader is confined in his proof within the limits of the specification of his particular act." 41 Am.Jur., Pleading, § 33.

See Couch's Adm'r. v. Black, 301 Ky. 24, 190 S.W.2d 681; Hartley v. A. I. Rodd Lumber Co., 282 Mich. 652, 276 N.W.

712; Gentry v. Betty Lou Bakeries, 171 Tenn. 20, 100 S.W.2d 230; Gulf States Utilities Co. v. Mitchell, Tex.Civ.App., 104 S.W.2d 652. Moreover, the imputation of contributory negligence is an affirmative defense and must be specifically pleaded. Campagna v. Market Street Ry. Co., 24 Cal.2d 304, 149 P.2d 281.

It is our conclusion that the instruction presented a false issue, one substantially different from that alleged, and was, therefore, erroneous.

The refusal of the court to instruct as to the standard of care required of the cab driver, is assigned as error. It is undisputed that San Francisco Street in the area where the injury occurred, was in a residential district. The street was only twenty-two feet wide and the sidewalks about three feet wide. The cab driver knew these facts, and that children frequently played therein. As to the degree of care to be exercised under such circumstances, appellants tendered the following instructions:

"5. You are instructed that a child's age and capacity to appreciate peril, where such facts are known or should be known to one who comes in contact with the child, may be considered in determining whether such person is negligent toward the child. More care must be exercised toward children than toward persons of mature years. Children of tender years are entitled to care proportionate to their inability to foresee and avoid the perils which they may encounter and the duty and standard of care required to avoid doing them injury increases with their inability to protect themselves.

"10. The jury are instructed that it was the duty of the driver of the taxicab of the defendant, Joe Martinez, at the time in the evidence referred to, to run his taxicab to the right of the center line of San Francisco Street, unless prevented from doing so by circumstances beyond his control, to run it at a reasonable rate of speed, to keep it under reasonable control, to keep a reasonable lookout ahead for persons or vehicles on the street in front of him or so nearly in front of him as to be in danger of being struck by his taxicab, and if he saw, or by the exercise of ordinary care could have seen, a child approaching the roadway on which he was driving in a way that he could reasonably anticipate that the child would come upon the roadway in front of his taxicab, or near enough to be in danger of being struck by his taxicab, then it was his duty to use such care as an ordinary prudent, careful man would use under like or similar circumstances to so run and operate his taxicab as to avoid coming into collision with such person upon the street,

if any there was, and, if you believe from the evidence in this case that the driver in charge of the taxicab failed in said duties, or any one or more of them, and thereby caused his taxicab to come into collision with the plaintiffs' decedent, Anthony LeDoux, and thereby caused his death, then the law in the case is for the plaintiffs, and you should so find. But, unless you so believe, the law of the case is for the defendant, and you should so find."

At 38 Am.Jur., Negligence, § 40, we find the rule stated:

"However, a child's age and lack of capacity to appreciate peril, where such facts are known or should be known to one who comes in contact with the child, are important in determining whether he is negligent toward the child. More care must be exercised toward children than toward persons of mature years. Children of tender years and youthful persons generally are entitled to care proportioned to their inability to foresee and avoid the perils that they may encounter, as well as to the superior knowledge of persons who come into contact with them. The duty to avoid doing them an injury increases with their inability to protect themselves, * * *"

We think the court erred in refusing the tendered instructions. Ordinary,

reasonable, or due care under the circumstances is always the standard of care required. Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706. Litigants are entitled to an instruction on every theory of the case which has support in the evidence. Such was the office of the tendered instructions. Our own cases are in accord. Archuleta v. Jacobs, supra; McMullen v. Ursuline Order of Sisters, 56 N.M. 570, 246 P.2d 1052.

Appellants argue that contributory negligence in any event cannot be urged as a defense to an action brought under the wrongful death statute, and rely upon the Missouri decisions, as our statute was taken from that state. As we read the decisions they do not lend support to appellants.

The Missouri Statute provides for specific defenses, among which is the negligence of the deceased. Nevertheless, that court has repeatedly held that contributory negligence generally is a defense to an action thereunder. Hafner v. St. Louis Transit Co., 197 Mo. 196, 94 S.W. 291; Porter v. Missouri Pac. Ry. Co., 199 Mo. 82, 97 S.W. 880. But in Herrell v. St. Louis-San Francisco Ry. Co., 324 Mo. 38, 23 S.W.2d 102, 104, 69 A.L.R. 470, it was held that the contributory negligence of one parent, where both sued for the death of an unmarried minor, is not a defense under the act. The court said: "Such defenses would seem obvious without being

mentioned in the statute; the fact that they were designated seems to indicate that the lawmakers intended them to be preclusive; and there can be no question as to their power to so limit the defenses as to exclude that of contributory negligence." The latter case obviously was grounded on the fact that contributory negligence as a defense had been excluded. In adopting the statute our lawmakers omitted any reference as to defenses which might be interposed and such omission would seem to manifest a legislative intent to admit all common law defenses.

 Appellants say the court erred in refusing to instruct on the Doctrine of Last Clear Chance. This would be true but for the age of the child. In Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86, 87, in a discussion of the doctrine, we said:

"It must appear, (1) that plaintiff has been negligent, (2) that as a result of his negligence he is in a position of peril from which he cannot escape by the exercise of ordinary care, (3) that the defendant knows or should have known of plaintiff's peril, and (4) that defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so."

The doctrine has no function to perform unless the injured party is chargeable with negligence which will preclude a recovery in the absence of the doctrine, 38 Am.Jur., Negligence, Sec. 217, and a child of the age of the deceased is conclusively presumed not guilty of contributory negligence. Nelson v. Arrowhead Freight Lines, 99 Utah 129, 104 P.2d 225.

 We notice the further point that the jury in answer to special interrogatories found appellee free of negligence and unskillfulness, but in view of the objectionable instruction, and the court's refusal to give the instructions requested, the finding was unwarranted and cannot stand.

Other questions are argued but they are considered without merit or are disposed of by the conclusion reached.

The judgment will be reversed with direction to the trial court to proceed in a manner not inconsistent herewith, and it is so ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.