287 P.2d 247

STATE of New Mexico, Appellee,

v.

L. H. JOHNSON, alias, Bill Johnson,
Appellant.

No. 5869.

Supreme Court of New Mexico.

Aug. 12, 1955.

Rehearing Denied Sept. 14, 1955.

■■■■■

—◆—

Lewis C. Kimmel, Roswell, Lon P. Watkins, Carlsbad, on rehearing only, for appellant.

Richard H. Robinson, Atty. Gen., J. A. Smith and C. C. McCulloh, Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

The initial opinion filed herein having heretofore been withdrawn by order of the Court, the following is substituted therefor.

Appellant was convicted by a jury in Eddy County of the crime of grand larceny and he appeals, asserting fundamental error. The information reads:

"C. N. Morris, Assistant District Attorney for Eddy County, New Mexico, accuses L. H. Johnson, alias Bill Johnson, of the crime of 'Grand Larceny', in that he did, on or about the 15th day of February, 1953, in Eddy County, New Mexico, steal from the Warehouse of the A & A Equipment Company, owned and operated by Mort B. Aldridge, Carlsbad, Eddy County, New Mexico, property of the said A & A Equipment Company, exceeding the value of $20.00, namely one Maytag Automatic Washing Machine, valued in excess of $300.00, contrary to Sec. 41-4502, NMSA, 1941 Comp."

■■■ It is first contended that the information charges the crime of "larceny from a warehouse", as defined by § 40-45-6, 1953 Comp., and that the prosecution should have been for that offense, if at all. That the information is not skillfully drawn, is obvious; but, we are not impressed with the contention. Tested either by the common law or by statute, it sufficiently charges the crime of grand larceny. Stripped of surplusage, it charges that L. H. Johnson, in the County of Eddy, State of New Mexico, on or about the 15th day of February, 1953, did steal one Maytag Washing Machine of the value of $300, the property of A & A Equipment Company. The additional averment is surplusage and its effect, if any, was merely to place an additional burden upon the State in proving the case. The information uses the common law name of the offense, "grand larceny". It further particularizes the offense by referring to the section of the statute defining grand larceny, "§ 41-4502, 1941 Comp." § 40-45-2, 1953 Comp.

In charging an offense, § 41-6-7, 1953 Comp., provides:

"(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the *common law* or by a *statute*.

\* \* \* \* \* \*

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard *shall be had to such reference*." (Emphasis ours.)

Compare Smith v. Abram, 58 N.M. 404, 271 P.2d 1010, where an incorrect section had been inserted in the information.

 The offense was charged as having been committed on the 15th day of February, 1953. The information was filed January 4, 1954. Meanwhile, on June 12, 1935, § 41–4502, 1941 Comp. was amended by substituting $50 in lieu of $20. The trial court instructed the jury that one of the material allegations of the information to be established by the evidence beyond a reasonable doubt, was that the offense occurred on February 18, 1953, or at some time within three years next preceding the date the information was filed. Clearly, there was a period from July 1, 1953 to January 4, 1954, that $20 could not have been made the basis of grand larceny. But the error was harmless. The evidence conclusively shows that the offense occurred prior to the effective date of the amendment. Moreover, the error was waived. The attention of the trial court was not called to the fact that it might be committing error, thus affording the court an opportunity to correct it. Section 21–2–1, 1953 Comp., Supreme Court Rule 20, subd. 1; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; State v. Knowles, 32 N.M. 189, 252 P. 987; State v. Layton, 32 N.M. 188, 252 P. 997; Blacklock v. Fox, 25 N.M. 391, 183 P. 402.

The alleged errors are made the basis of appellant's claim of fundamental error. While the doctrine of fundamental error has its place in our jurisprudence, obviously, it has no application here. Seuderi v. Moore, 59 N.M. 352, 284 P.2d 672; State v. Garcia, 19 N.M. 414, 143 P. 1012.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

KIKER, Justice (dissenting).

From the opinion written by Mr. Chief Justice Compton, in which all other members of the Court have concurred, I must dissent.

Mr. Chief Justice Compton has set out the information in full. The charge accuses the defendant

"'of the crime of "Grand Larceny", *in that he did, on or about the 15th day of February, 1953, in Eddy County,*

*New Mexico, steal from the Warehouse of the A & A Equipment Company,* owned and operated by Mort B. Aldridge, Carlsbad, Eddy County, New Mexico, property of the said A & A Equipment Company, exceeding the value of $20.00, namely one Maytag Automatic Washing Machine valued in excess of $300.00, contrary to Section 41–4502, NMSA, 1941 Comp.'" (Emphasis supplied.)

The expression of my dissent follows closely the opinion previously filed and withdrawn.

The appellant is not represented in this Court by the Attorney who represented him at the trial of the case.

Defendant made no objection to the form of information. He made no objection to its substance; he did not call the attention of the Court to the fact that the general grand larceny statute is not the statute under which theft from a warehouse is to be prosecuted, and he did not call the attention of the Court to the fact that Section 41–4502 of the 1941 Compilation was not the applicable statute under which to prosecute for stealing from a warehouse.

The defendant, having been convicted under instructions given by the Court after both the State and the defendant had offered evidence and rested, now assigns error in the brief, as follows:

"That the Court erred in allowing the conviction under Sec. 41–4502, New Mexico Statutes Annotated, 1941 Compilation, in that if the facts prove the commission of the crime of larceny, such crime is covered specifically by Section 41–4506 of the 1941 Compilation."

There is no other assignment of error. If it be true that the defendant was charged with one offense, punishable under one statute, and that the case was submitted to the jury upon instructions which brought about a conviction under another statute, making it possible for the defendant to suffer greater punishment than under the first-mentioned statute, then the fundamental rights of the defendant were infringed upon; and in that case, it could not be said that defendant had a fair trial in the District Court.

The Legislature has enacted eight separate statutes dealing with larceny, and several other statutes dealing with obtaining money by false representation, and with bringing stolen property into the State from outside, and with buying and receiving and concealing stolen property. One of these statutes, Sec. 41–4502, 1941 Comp., reads:

"Grand Larceny—Value in excess of $20.00—Documents—Unnecessary to show value.—Every person who shall commit the crime of larceny, by stealing of the property of another any money, goods or chattels, or any bank note,

bond, promissory note, bill of exchange, or other bill, order or certificate, or any books of accounts for or concerning money or goods, due or to become due, or to be delivered, or any deed of writing, containing the conveyance of land or any other valuable contract in force, or any writ, process or public record, if the property stolen shall exceed the value of twenty dollars ($20.00), shall be punished as provided in section 1529 (§ 41–4501)."

The punishment provided at the time the theft is alleged to have occurred in case the value of the property exceeds $20, is imprisonment in the penitentiary for any period not less than one year, nor more than ten years.

It must be presumed, I think, that the District Attorney had some knowledge of the proof of the offense alleged, so that in his information, he alleged

"the crime of 'Grand Larceny', *in that he did, on or about the 15th day of February, 1953, in Eddy County, New Mexico, steal from the warehouse of the A. & A. Equipment Company, etc.* * * *" (Emphasis supplied.)

The District Attorney evidently intended to prove larceny from a warehouse.

Section 41–4506, NMSA 1941 provides:

"Larceny from house or other building—Value above ten dollars—Penalty.—Every person who shall be convicted of stealing from a dwelling house, store, warehouse or other house, either in the day or night, any goods, chattels, money or property, which exceed the value of ten dollars ($10.00), shall be fined in a sum not less than ten dollars ($10.00) nor more than five hundred dollars ($500.00), or be imprisoned not less than one (1) month nor more than five (5) years, or both, at the discretion of the Court trying the cause."

The use of the words, "Grand Larceny", are not found in Section 41–4502, 1941 Comp., except in the heading. The words in the heading are no part of the statute, itself. The offense punishable under that section is, stealing the property of another when the value is in excess of $20. The statute is general in its character.

It is true, also, that our statutes do not use the words, "Petit Larceny", at any place except in the words heading the sections.

Section 41–4502 has elements in it which are not found in Section 41–4506. One of these is that before the value of property stolen can come within the terms of the first statute, that property must exceed the value of $20. That is not true as to Section 41–4506, which affords punishment for larceny from a warehouse. The value of property stolen, in order to be punishable under Section 41–4506, may be as

little as $10, or an amount in excess of that sum. This statute has an element not included in Section 41–4502: the larceny must be from a building, a dwelling house, store, warehouse, or other house. As to punishment: Section 41–4502, taken with Section 41–4501, provides that punishment for larceny under the first of these two sections shall not be less than one year, nor more than ten years, where the value of the property exceeds $20; Section 41–4506, which punishes for larceny from a warehouse or other building, provides that where the value of the property stolen from the building exceeds $10, the punishment shall be by either fine or imprisonment. A fine as little as $10 may be imposed, or a fine not more than $500 may be imposed. Instead of a fine, the party convicted under the statute may be imprisoned not less than one month, nor more than five years; or, he may have both the fine and the imprisonment.

These distinctions between the two statutes make them separate and distinct, each providing for a criminal offense entirely distinct from that provided by the other statute.

It is a general rule of pleading, that a general allegation, whether a conclusion of law or affirmation of fact, is controlled, explained, and limited, by the specific allegation of fact, and the pleading must be tested according to the specific averments.

Mayer v. Lane, 33 N.M. 18, 262 P. 178; Doyal v. Russell, 183 Ga. 518, 189 S.E. 32; Vogt v. Ganlisle Holding Co., 217 Minn. 601, 15 N.W.2d 91.

In Mayer v. Lane, supra [33 N.M. 18, 262 P. 179], Mr. Justice Bickley said,

"It has been said that if a pleader not content to rest his case upon general allegations sees fit to supplement these allegations by pleading facts relative thereto, which serve to weaken or destroy the general allegations, he must abide what he has done. See Zosel v. Kohrs, 72 Mont. 564, 234 P. 1089.

"Where both general and specific allegations are made concerning the same matter, the latter control." First National Bank of New Castle v. Grow, 57 Mont. 376, 188 P. 907.

In Wright v. State ex rel. Walcott, 104 Okl. 57, 230 P. 268, it is said:

"It is a general rule that specific averments in a pleading must be given precedence over general averments, inasmuch as the general allegations are to be deemed explained, limited, and controlled by the special allegation."

In Neal v. Baker, Ind.App., 147 N.E. 635, it is said:

"Facts pleaded specifically in support of claim will control all general

averments, and pleading will be tested according to specific averments."

See the opinion of Mr. Chief Justice Compton in Le Doux v. Martinez, 57 N.M. 86, 254 P.2d 685.

It is my belief that the allegation in the information that the stealing was done from the warehouse of the A. & A. Equipment Co. can not be separated from the charge of "Grand Larceny", as made. I think that the charge that the stealing was done in the warehouse, is at the very heart of the charge, and that under the information, there can be no conviction at all, unless it is of theft from a warehouse.

The majority says that, tested either by the common law or by statute, the information sufficiently charges the crime of Grand Larceny; I can not concede that the information could charge the crime at common law, and we have no statute directing how any information shall be prepared. The majority opinion contains part of a rule, but omits subparagraph (b) of paragraph (1) of 41-6-7. The first direction given in the rule as quoted by the majority is, that the information may be prepared,

" 'by using the name given to the offense by the common law or by a statute.' "

I do not think that Section 41-4502, 1941 Comp. contains an exact definition of larceny. The statute provides for the punishment of a criminal offense which may be committed by the theft of any property mentioned in the statute. There is no name given to the offense sought to be punished by any statute of this State. The section headings are the work of the compilers.

As to the other portion of the rule quoted in the majority opinion: it does not purport to make it sufficient to merely refer to the section or subsection in order to properly charge a criminal offense, but it says that a section or subsection may be referred to, and in determining the validity or sufficiency of the indictment, or the information, regard shall be had to such reference. In this case, the charge is made that Johnson is guilty of "Grand Larceny", in that he did, on or about the 15th day of February, 1953, steal from a warehouse property of the value in excess of $300, contrary to Section 41-4502. That section does not have anything whatever to do with theft from a warehouse. The majority opinion says the additional averment that the charge of larceny was from a warehouse, is surplusage, and its effect, if any, is merely to place an additional burden upon the State in proving the case. It should certainly be remembered that the State's Attorney prepared the information. He knew, or should have known, the burden he wished to carry. According to the rule announced by Judge Bickley in Mayer v. Lane, supra, the explanation that the larceny was from a warehouse, con-

trols every other allegation in the information, because it is the specific allegation. Smith v. Abram, 58 N.M. 404, 271 P.2d 1010, is authority to the effect that the Court is not bound by the reference to the wrong statute on a charge which was, necessarily, that a theft had been committed from a warehouse. The reference to the wrong section in the information is not material, and can be treated as surplusage. The allegation that the crime was done by stealing from a warehouse, is the essential fact, charging a criminal act in this case, and can not be treated, I think, as surplusage.

The portion of the Court rule as to preparation of informations which is omitted in the majority opinion, reads, thus:

"(b) By stating so much of the definition of the defense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient and to give the Court and the defendant notice .of what offense is intended to be charged."

It was under this part of the rule as to pleading that I think the District Attorney prepared his information. The information as it was written, and as it was quoted to the jury, sufficiently charges the crime of larceny from a warehouse, and it does not, as it was written—and as it was quoted to the jury, charge any other offense. The material allegations stated by the Court in the instructions are an entirely different matter.

To treat the information in this case as a charge of "Grand Larceny", not only violates the rule announced by Judge Bickley in Mayer v. Lane, supra, but it virtually repeals Section 41–4506, 1941 Comp., now Section 40–45–6 NMSA 1953; or, it necessarily gives rise to this possibility: A district attorney, on the same day, may have two men who are to be charged with larceny. In each case, the property stolen was actually taken from a warehouse. As to one of the defendants, the District Attorney may charge the defendant with larceny of the property of the value of more than $20, as it was at the time of the alleged criminal offense in this case, under Sec. 40–4502, 1941 Comp., § 40–45–2, 1953 Comp.; or, of the value of more than $50, as the value, required since June 12, 1953. The other may be charged under Section 41–4506, 1941 Comp., § 40–45–6, 1953 Comp., with stealing from a warehouse, property of the same value as the property in the first supposed case had. In that event, the one is subjected to the possibility of ten years' imprisonment in the penitentiary. The other can not receive a sentence greater than five years in the penitentiary, and he might merely receive a fine of as little as $10. To give any district attorney this power, is to give him the power of selection.

The Court, in its Instruction No. 5, told the jury what the material allegations of the information are. The Court said (not quoting verbatim), that the material allegations of the information must be established by evidence beyond a reasonable doubt, and listed those allegations, as follows:

(a) That L. H. Johnson took a washing machine from the possession of Mort B. Aldridge without permission, and with intent to deprive Aldridge of the permanent possession. (Nothing was said about the warehouse at any place in listing the material allegations.)

(b) That the value of the said Maytag Automatic Washing Machine exceeded $20.

(c) That the Washing Machine was the property of Mort B. Aldridge.

(d) That this theft occurred in Eddy County, New Mexico,

"On February 18, 1953, or at some other time within three years next preceding the 4th day of January, 1954, the date the information was filed in this Court."

In my opinion, the information charged one criminal offense. The material allegations as stated by the Court to the jury covered another offense entirely distinct. The finding of defendant guilty of the material allegations, as stated by the Court in Instruction No. 5, could not have justi-

fied a conviction of larceny from a warehouse. Those material allegations did not even mention a warehouse.

We need go no further than to New Mexico cases, to ascertain the fact that this prosecution should have been under the warehouse statute, numbered 41–4506, NMSA 1941 and 40–45–6, NMSA 1953.

In the case of State v. Blevins, 40 N.M. 367, 60 P.2d 208, there was a prosecution for the unlawful selling of the property of another. In that case, there was consideration of two statutes, as in this case. One of the statutes was general as to selling property belonging to another without right to sell it, and provided a penalty of not less than one year, nor more than ten years, for its violation. Another was a statute which provided that any person who shall sell and deprive the owner of the immediate possession of any neat cattle, horse, ewe, sheep, swine or ass shall be deemed guilty of a felony and shall be imprisoned not to exceed five years in the penitentiary. Fines of the same amount were provided in both statutes. We quote from the case the following, 40 N.M. at pages 369–370, 60 P.2d at page 210:

"Here, in so far as each statute indicts sale of the property of another, they describe but one offense, and, one of such statutes being special and the other general, the special statute should control to the extent of compel-

ling the state to prosecute under it. In other words, the general statute is not operative as to the special kinds of property described in the special statute.

"The nearest case in point (and even not as strong as this case) is Snitkin v. United States, 265 F. 489, decided by the United States Circuit Court of Appeals of the Seventh Circuit in an opinion written by Judge Baker. Although sympathetic to the minority view, we feel Judge Baker's reasoning the sounder. The court held that all of the canons of interpretation that apply to civil statutes apply to criminal statutes, and in addition the canon that they are to be strictly construed. It also held that the special statute controlled the general act, and that the government had no election as to which it would proceed under, the question being a judicial one.

"We hold that in the instant case the state had no alternative in the matter but to prosecute the appellant under the special statute, to wit, section 35–2405. For the reasons given, the case will be reversed and the cause remanded to the district court. It is so ordered."

The court failed to instruct as to stealing from a warehouse. If a properly prepared instruction had been presented, the Blevins case would completely answer the question; but no such request was made of the court and a proper record was not made to support the assignment of error stated by appellant.

Appellant was given every opportunity to make requests for proper instructions but failed to present any requests which would support the attack made by the assignment of error. No exceptions were taken to the instructions given by the court. A similar situation existed in the case of State v. Loveless, 39 N.M. 142, 42 P.2d 211, 212.

In the Loveless case, the prosecution was upon an information which made punishable anyone writing, soliciting or procuring insurance in the state without a license properly obtained; provided he was employed by some individual or firm duly licensed. The statute was Section 71–135, Comp.St.1929, 58–9–2 NMSA 1953. Notwithstanding the charge was so framed, the Court instructed the jury as follows:

"2. The Statute, section 71–111, of the New Mexico Statutes Annotated, 1929 Compilation, under which this prosecution is based, provides as follows: 'Any person, partnership or corporation transacting any business of insurance in the State of New Mexico, without having first received a license to transact said business shall be guilty of a misdemeanor,' etc."

The Court gave to the jury proper instructions as to the material allegations for the prosecution under the first-mentioned statutes; the Court also gave other instructions which would have been good under the statute as to writing, soliciting or procuring insurance business. The only instruction complained of was the instruction first quoted, to the effect that the prosecution was under the statute affording punishment for transacting insurance business without a license. There was no exception to the instructions given by the court, as just stated, and the court said:

"The instruction was not excepted to. It has been often decided by this court that an erroneous instruction not in some manner challenged need not be considered on appeal. However, under the principles announced in State v. Garcia, 19 N.M. 414, 143 P. 1012, the restrictions of this rule apply only to the parties and not to this court, and this court, of its own motion, may see that a man's fundamental rights are protected in every case and where such rights have been violated, while he may be precluded by the rule from insisting in this court upon relief from the same, the court has power in its discretion to relieve him."

The Loveless case, supra, affords complete authority for a reversal of the judgment of the lower court in a case in which a defendant's fundamental rights were not properly protected whereas in the Blevins case, where the same kind of mistake was made as to differing statutes, there was a good record.

The majority opinion says:

"The offense was charged as having been committed on the 15th day of February, 1953. The information was filed January 4, 1954. Meanwhile, on July 1, 1953, § 41–4502, 1941 Comp. was amended by statute stating $50.00 in lieu of $20.00. The trial court instructed the jury that one of the material allegations of the information to be established by the evidence beyond a reasonable doubt, was that the offense occurred on February 18, 1953, or at some time within three years next preceding the date the information was filed. Clearly, there was a period from July 1, 1953 to January 4, 1954, that $20.00 could not have been made the basis of grand larceny. *But the error was harmless.* The evidence conclusively shows that *the offense occurred prior to the effective date of the amendment.*" (Emphasis supplied.)

By what right the majority has ascertained the fact, if it be a fact—that the evidence clearly shows anything, I do not know. If we are as firmly bound by the rules often repeated in decisions of this court, except for consideration of funda-

mental error, as the practicing attorneys in the State are ordinarily held bound, we should know nothing about the evidence, for the reason that no attack is made upon the evidence in any brief filed in this case. It is not claimed that the evidence either supports, or fails to support, the verdict. The sole attack here made is that the prosecution was under the wrong statute.

"* * * We have consistently held that this court is not a fact finding body." Mosley v. Magnolia Petroleum Company, 45 N.M. 230, 114 P.2d 740, 758.

The remainder of the opinion by the majority goes to the effect that the error as to time was waived because the attorney at the trial did not call to the attention of the court the error about to be committed, and which was actually committed. It must be admitted, of course, that if we are going to bind the defendant to a rule more strict than the court is bound by rule requiring instructions to give the jury the law of the case, at least the fundamental law, then the judgment could be affirmed. Whether the crime, if committed at all, was committed before July 1, 1953, I do not know, and can not, by observance of the rules, find out. I do know that if it occurred within six months immediately preceding January 4, 1954, the amount required for conviction would have been $50; and there must have been a possibility of the commission of the alleged act within that time, or the trial judge would not have included that period.

If there is no argument in the case about the date when the alleged act occurred, there was no real reason to give an instruction covering three years' time for the commission of the offense; the court could have saved the error, by instructing as to the alleged and undisputed date only.

I am not unmindful of the fact that this court should, and will, exercise its power to reverse for fundamental error guardedly, as declared in State v. Garcia, supra, and in later cases; but in my judgment, the two statutes discussed in this dissent are so separate and distinct that I believe the fundamental rights of the defendant were violated. In the State v. Loveless, supra, the test of difference between statutes which have to do with the same subject matter is properly set out; and, applying that test, which is—that each of the two statutes, to be separate and distinct, must have some element different from the other statutes. I find, as above shown, that the statutes should be treated as separate and distinct.

In my opinion, there was fundamental error in instructing under the wrong statute, and this error was emphasized when the instruction was given as to the three-year period immediately preceding January 4, 1954. The judgment should be reversed, I think, with instructions to grant the defendant a new trial.